## In the Matter of the Claim of GRONER vs. HIELD and others, Administrators, etc.

*Claims against Estates: Appeals from County Judge—Right of Circuit Court to allow appeal by heirs, etc., after time expired—R. S., chap. 117, sec. 29— Chap. 101, secs. 22, 29.*

1. Sec. 29, chap. 117, R. S. (which empowers the circuit court, in certain circumstances, to allow an appeal from "any act of the judge of the county court," after the time allowed by law for an appeal has expired), applies to an allowance by the county judge of a claim against an estate, although the judge was not authorized to hear such claims until *after* the passage of said chap. 117.

2. Where the petition for leave to appeal states a *prima facie* case, the court should grant it without considering counter-affidavits as to the justice of the claim.

3. Under sec. 22, chap. 101, R. S., it is not necessary, to authorize an appeal from the allowance of a claim by the county judge, or commissioners appointed by him, that the claim should have been "objected to" before him or them at the hearing. It is enough that the party, on taking his appeal, objects to a part of the amount allowed equal to twenty dollars.

4. Under sec. 29, chap. 101, R. S., the administrator is to be regarded as having "declined to appeal," without any express demand and refusal, when he has not appealed within the time allowed by law; and the circuit court may thereupon allow an appeal by the creditors, devisees, heirs, etc.

APPEAL from the Circuit Court for *Rock* County.
*Isaac Rogers*, for appellant.
*W. H. Ebbets*, for respondents.

PAINE, J. The appellant had a claim allowed against the estate of William Young, deceased, amounting to $2,887.59. It was allowed by the county judge of Rock county, before whom the claims against said estate were heard, in pursuance of the statute allowing county judge to hear claims instead of appointing commissioners. The sixty days within which an appeal could have been regularly taken, were allowed to

expire without any appeal by the administrators. And then a part of the heirs applied to the circuit court for leave to take and prosecute an appeal, alleging that the claim had no foundation in fact, and that it had been allowed in consequence of the fraudulent collusion of the administrators, and that the petitioners did not acquire a knowledge of the facts until after the expiration of the time for taking the appeal. The application was made under section 29, chap. 117, R. S., which is as follows: "If any person aggrieved by any act of the judge of the county court, shall, from any cause without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

It seems that the petitioners gave notice to the claimant, of the application; and on the hearing he appeared and presented his own affidavit, denying that his claim was fraudulent, and alleging that it was a valid, honest claim. But although this affidavit was read, the circuit judge declined to consider it, holding that he would not, on that application, try the merits on affidavits. He made an order allowing the appeal to be taken, from which the claimant appealed; and afterwards, when the appeal had been taken from the decision of the county judge, in pursuance of the order, he moved to dismiss it; and from the order denying that motion this appeal is taken.

The principal question in the case is, whether the circuit court had any power, under the section above quoted, to allow an appeal from such a decision of the county judge. For if he had the power, there can be no doubt that the petition showed a sufficient cause for allowing it, and none

that the judge was right in declining to consider the claimant's affidavit in regard to the merits of his claim. It is doubtful whether he had any right to notice of the application, and whether it was not designed to be entirely *ex parte.* The appellant's counsel was of course compelled to concede that according to the letter of this section, the circuit court had power to allow the appeal. But he claimed that it ought not to be considered applicable to a case of this kind, for the reason that it was enacted prior to the time when the power to hear claims against estates was given to the county judges, and then had reference only to acts which they might do in the exercise of their other statutory powers; and he thought that, although the legislature had since authorized county judges to act in the place of commissioners, yet this ought not to be construed as making their decisions, when so acting, subject to the power given in the section under consideration, because the legislature had omitted to provide for the exercise of any such power in respect to appeals from the decisions of commissioners. There is undoubtedly some force in this argument. It is difficult to conceive any reason why, if the power should exist in one case, it should not in the other. But we are not satisfied that this mere negative ground for inferring a legislative intent, should be allowed to outweigh the affirmative grounds for inferring the opposite intent. It is true, this section was enacted before this power to hear claims in all cases was given to the county judges. But it cannot be disputed that general provisions of this character would ordinarily be applicable to acts done under statutes enacted subsequently, as well as to those done under previous laws. If jurisdiction of a new cause of action should be conferred on a justice of the peace, and no special provisions made in regard to an appeal, the previous statute regulating appeals would be applicable. So here, this statute, extending by its

terms to " *any act* of the county judge," applies immediately to acts done under later statutes as well as earlier, unless there is something to withdraw them from its application. Here there is nothing, except the fact that the legislature has not provided for the same power in respect to appeals from the decisions of commissioners, and this is insufficient. The power is itself a remedial and beneficial one.   It ought to exist in both cases.   And as the legislature has brought one class of cases within its terms, it should be applied to that class, although they omitted to make the same provision as to the other.   The latter fact may be accounted for on the supposition that the attention of the legislature was not distinctly called to the necessity for such a provision.

The appellant's counsel relied on the provisions of section 1, chap. 24, Laws of 1862, as excluding this power.   That section provides, among other things, that all the provisions of chap. 101 of the Revised Statutes, relating " to appeals " from the decisions of commissioners, shall apply to cases where the county judge performs the same duties.   There is nothing in this that should have the effect claimed.   It merely regulates the time within which an appeal must be taken, to be regular.   It is not at all repugnant to the existence of the additional power in the circuit court, to allow an appeal under certain circumstances after the regular time has expired.

The appellant further claimed that this appeal from the county judge could not be sustained, because it did not appear that the claim was " objected to " before him.   This position is based upon section 22, chap. 101, R. S., which provides that no appeal from the decision of commissioners shall be allowed, except, among other things, " when the commissioners shall allow any claim in whole or in part, and the sum allowed, *being objected to*, shall amount to twenty dollars," etc.   It is assumed that this makes it necessary to

object to the claim before the commissioners or county judge, in order to sustain an appeal. But we think it was only designed to require that the party shall object at the time of taking his appeal, to an amount equal to twenty dollars. It was to exclude an appeal where the amount to be contested on the appeal was less than twenty dollars, and not to require the party to have made his objection before the commissioners or county judge.

Another objection is based upon section 29. That gives the creditors, legatees, heirs, etc., the right to appeal from the decision of the commissioners, when the executor or administrator "*declines to appeal.*" It was urged that it could not be known whether the administrators declined to appeal, without an express demand and refusal. Perhaps this might be so, if either of the other parties interested in the estate desired to appeal within the time limited. Until that time had expired, the mere neglect-to take an appeal could not be insisted on as a sufficient declining to sustain an appeal by other parties; because the executor or administrator might still appeal within the time. But where the latter has allowed the whole time to expire without appealing, if an heir or other person interested can present a case justifying in other respects the interposition of the circuit court to allow an appeal, after such expiration, it certainly would sufficiently appear that the executor or administrator had declined to appeal, within the meaning of the statute. A neglect to appeal until the right was barred, would be declining in the most effectual manner. It was said that this order of the circuit court ought not to have been made, because no one should be allowed to appeal after the expiration of the time limited, who had not a right to appeal within that time. The latter proposition is undoubtedly correct; but the argument by which it is attempted to apply it to these heirs is too refined and technical to justify its adop-

tion in the construction of this statute: It is said that their right to appeal within the time was contingent upon the declining of the administrators, and that, as the latter were not called on to appeal, and made no express refusal, they did not decline, and therefore these heirs are not persons who had a right to appeal within the sixty days limited. But it is sufficient for the purpose of their application now, that they are persons who had the right to appeal within the time contingent. upon the declining of the administrators. And, as the latter have allowed the whole time to expire, it now sufficiently appears that they did decline to appeal, to sustain the proceeding by the heirs.

On the whole, we are of the opinion that the circuit court had power to allow an appeal, and that a proper case was presented for the exercise of the power.

*By the Court.*—The order is affirmed, with costs.