## DOWNER, Administrator, vs. HOWARD.

*Appeal from Probate Court.*

After more than sixty days from the making of an order by a county court allowing an account against an intestate estate, A. asked leave to appeal from the order, stating facts to explain the delay, and also stating that he was the sole heir-at-law of the intestate, as the sole ground of his claim to be aggrieved by the order. On the hearing of the petition, it appeared that A. was not, but one N. was, the sole heir-at-law of the intestate; but the county judge, at the close of the hearing, announced orally that he would grant the prayer of the petition. Afterwards A. filed what purported to be an assignment to him of N.'s interest in the estate, dated some days before the verification of A.'s petition, but not referred to therein, nor used at the hearing; and the adverse party had no opportunity to contest the validity or effect of such alleged assignment. The circuit court subsequently made an order allowing A. to appeal. *Held*, error: A. having shown no right to appeal, at the hearing of his petition, and having been guilty of bad faith and laches.

APPEAL from the Circuit Court for *Milwaukee* County.

The case grows out of the divorce suit of *Howard v. Howard*, which was before this court on appeal from the judgment therein, and is reported under the title of *Downer, Adm'r, v. Howard*, 44 Wis., 82. On that appeal the judgment of the circuit court, directing James Howard, the defendant, to pay certain sums of money to the attorney of Mrs. Howard, for counsel fees and expenses of the litigation, was affirmed.

The county court allowed the account of such attorney against the estate of Mrs. Howard to the amount of that judgment.

No appeal having been taken from such allowance within sixty days, *James C. Howard* filed his petition in the circuit court for leave to appeal therefrom. The petition states various reasons why the appeal was not taken within sixty days. It also states that the petitioner is the sole heir-at-law of Mrs. Howard, who died intestate; and this is the only averment showing that he could possibly have been aggrieved by the order of the county court from which he sought to appeal.

On the hearing of the petition it was proved that the petitioner was not the heir-at-law of Mrs. Howard, but that one Newson was such heir. The circuit judge announced his decision orally, granting the prayer of the petition. Some days afterwards, and before the order allowing the appeal had been reduced to writing and filed, counsel for *Mr. Howard* presented to the court an instrument purporting to be an assignment from Newson to *Howard* of his interest in Mrs. Howard's estate.

This appeal is from the order of the circuit court allowing an appeal by *James C. Howard* from the order of the county court allowing the claim of Mrs. Howard's attorney against her estate.

*Frank B. Van Valkenburgh*, for the appellant.

For the respondent, there was a brief by *Cottrill, Cary & Hanson*, and oral argument by *Mr. Cary*.

LYON, J.   The petition for leave to appeal from the order of the county court allowing the account of Mrs. Howard's attorney should have been denied.   Under the allegations of his petition, the respondent, *James C. Howard*, was not a party aggrieved by the order of the circuit court, unless he was the heir of Mrs. Howard.   Such heirship was disproved on the hearing of the petition.   Hence, he was not a party aggrieved, and could not appeal.   R. S., 984, §§ 4035, 4039.

It does not appear that the instrument purporting to be an assignment by Newson of his interest in Mrs. Howard's estate to the respondent was used on the hearing of the petition, or that the administrator ever had opportunity to contest its validity, or that the order allowing the appeal was based upon it. The order merely recites that leave was granted to file the instrument, and it satisfactorily appears from the record that it was not used on the hearing of the petition.

The alleged assignment by Newson bears date December 2d, the petition was verified December 9th, and it was presented to the court and heard December 16th.   The fair inference is, that when he verified the petition the respondent knew that he was not the heir of Mrs. Howard.   He was guilty, therefore, of bad faith and laches by claiming as heir and failing to disclose the assignment.   Because of such bad faith and laches he is not entitled to the favorable consideration of the court in a matter resting somewhat in discretion.

The respondent having shown no right to appeal, it is quite immaterial whether the account of the attorney was or was not properly presented and allowed, and we need not consider that question.   But it may not be improper to say that the record of the former appeal discloses that the attorney is fairly entitled to recover a large portion if not the whole of the sum allowed him by the county court.

*By the Court.* — The order of the circuit court is reversed, and the cause remanded with directions to that court to deny the petition of the respondent.