WASWEYLER, Appellant, vs. MARTIN, Respondent.

*October 18 — November 5, 1890.*

*Agency: Sale of land.*

1. An agent having authority only to sell land so that the owner shall receive $5,500 net, cannot bind such owner by a sale for a gross sum of $5,500, from which certain charges or expenses are to be deducted.
2. Where a considerable time has elapsed since property was placed in an agent's hands for sale at a price named, and the condition or value of the property has changed, the agent is bound to consult his principal and ask for new instructions before making a sale.

APPEAL from the Circuit Court for *Waukesha* County.

The facts are stated in the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there was a brief by *Lindley Collins,*

attorney, and *W. J. Turner*, counsel, and oral argument by *Mr. Collins.*

For the respondent the cause was submitted on the brief of *D. H. Sumner.*

COLE, C. J.   This is an action to recover damages for the breach of a contract to convey certain lots in the city of Milwaukee.   The action is based on a written contract executed by the parties and bearing date August 20, 1886. The contract on the part of the defendant was executed by one Schuette, as agent.   The defendant claims that Schuette had no authority to make the contract, and that he is not bound to carry it out.   The agent's authority is contained in letters written to him by the defendant, but the one giving the most specific instructions is dated November 23, 1885.   The material part of this letter reads as follows: "I consider you a better judge of the value of city property than I am.   I depend upon you to ask all the lots are worth, if you are selling to a third party.   If I should sell the lots now, I should have to pay James Mehl $11 on account of a lease he holds.   My offer was in consideration that I should receive $5,500 net.   It is true, however, I didn't think of Mehl's claim at the time of writing.   Thus far I have done the selling myself, but I wouldn't object to giving a fair commission, so as to pay you well, if you get a price to justify the payment."

About nine months after this offer, Schuette sold the property to the plaintiff for $5,500.   The defendant, on being informed of the sale, refused to carry out the contract, because he had paid taxes in the mean time, which amounted to $91.64, and the property had been advancing in value. Was he justified in refusing to convey the lots as the contract provided?   We are clearly of the opinion, under the circumstances, that he was.   We think the agent was not authorized to sell in August for what the defendant said he

was willing to take for the property nine months before; for in the mean time the property may have materially changed in value. The offer implied an immediate sale, or a sale within a reasonable time. Besides, the offer was that the defendant was to receive $5,500 *net;* that is, he was to receive that amount clear of all charges or commissions. That is what we understand by the terms of the offer. The defendant was to receive $5,500 for the property after all expenses were deducted. Now, there is nothing said in the contract as to who is to pay Schuette's commission; nothing about the Mehl claim; and it is very evident that if these charges are to be deducted from the consideration money the defendant would not receive what he offered the lots for, saying nothing about the taxes which he had paid.

The plaintiff's counsel contends that if the lots were put in Schuette's hands for sale, and were not taken out nor the terms of sale changed by the defendant, it makes no difference how long the property is in the agent's hands. If he finally effects a sale for the price named, the owner is bound to convey or answer in damages for a breach of his contract. We cannot adopt that view as sound law. On the contrary, we think where property is placed in an agent's hands to sell for a sum named by the owner, if a considerable time elapses before the sale is made, and the condition or value of the property changes in the mean time, it is the plain duty of the agent to consult his principal and ask for further instructions in view of the new state of things. Of course the agent is bound to act for the best interests of his principal, and should not in any way abuse the confidence reposed in him. In this case, had Schuette consulted the defendant in regard to the sale he was about to make, he would doubtless have been notified at once that it would not be sanctioned. The defendant would have said to him what he did say on being informed of the sale: "I cannot sell the lots for what I offered them for nearly a year ago.

I have paid the taxes since, and the lots have been all the time advancing in value." But in no possible event was Schuette authorized to sell for less than $5,500 net, as this was the express limit of his authority when the sale was made within a reasonable time. .But where a considerable period of time elapses before a sale is made, as in this case, and the condition of the property is changed, then the principles of fairness and justice require the agent to consult his principal in the matter before selling for a previous offer. There is no hardship in such a rule of law, and its observance will tend to secure fidelity and the faithful performance of duty on the part of the agent. We therefore are constrained to hold, on the undisputed facts of this case, that the defendant was not bound by the contract which his agent made. The agent should have consulted the defendant before he attempted to sell the lots on the previous offer, considering the time which had intervened. *Proudfoot v. Wightman*, 78 Ill. 553.

We have already stated our understanding of the offer that the defendant was to receive for the lots $5,500 clear from all charges or expenses of every kind, and that this was the limitation of the authority of the agent. There can be no ground for claiming that the sale made to the plaintiff will net the defendant $5,500. For these reasons it is clear the agent exceeded his authority in making the sale, and the defendant is not bound by his acts in the premises. The question whether the agent acted within the scope of his authority was one of law for the court, as such authority was contained in the letters written to the agent by the defendant; but still the court submitted to the jury the question whether the sale made was within the agent's authority or was a sale for $5,500 *net*. The jury found for the defendant, thus placing the proper construction upon the correspondence; and the error in submitting the question to the jury was harmless. As a matter of law, there

can be no doubt but that the authority of Schuette was limited to a sale the proceeds of which should amount to $5,500 after deducting all charges; but, considering the time which had elapsed since the defendant made the offer to sell for that sum, and the changed condition of the property, it was the plain duty of Schuette to consult the defendant before attempting to sell for the amount of the previous offer. The agent acted beyond the scope of his authority, and it is very evident from the undisputed facts that the plaintiff is not entitled to recover damages for the refusal of the defendant to convey the lots.

*By the Court.*— The judgment of the circuit court is affirmed.