Jamison vs. Snyder.

JAMISON, Appellant, vs. SNYDER, Administrator, Respondent.

*February 21 — March 17, 1891.*

*Appeal from probate of will: Excuse for delay.*

1. The circuit court has power, under sec. 4035, R. S., upon application made within one year by a person aggrieved by any act of the county court, who from any cause, without fault on his part, has

Jamison vs. Snyder.

omitted to take an appeal according to law, in case it appears that justice requires a revision, to allow an appeal therefrom upon such terms and within such time as it shall deem reasonable; and it should allow such an appeal, in a case where it appears that, at the time a copy of a lost will was admitted to probate, an only child of the testator was living at a great distance and in a place where she could not get legal advice, and was ignorant of her rights and of what was being done in the matter of her father's estate.

2. It is good ground for a review of the order of the county court, that the original will not being found, a copy procured from the memoranda of the attorney who drew it was admitted to probate, and that the petitioner presented a letter and affidavits tending to show that the testator had destroyed that will and made other disposition of his property.

APPEAL from the Circuit Court for *Waukesha* County. The case is sufficiently stated in the opinion.

For the appellant it was submitted on the brief of *F. C. Park*.

For the respondent there was a brief by *Ryan & Merton*, and oral argument by *T. E. Ryan*.

COLE, C. J.   Upon the petition presented we think the circuit court should have allowed an appeal from the order of the county court, which admitted to probate an alleged copy of the will of Isaac Smith.   Such order of the county court was made on the 26th day of November, 1889, and the application to the circuit court to allow an appeal from the order was made within a year.   Sec. 4035, R. S., gives the circuit court ample power to allow an appeal from the order on the petition of a party aggrieved thereby within a year, upon such terms as it may deem reasonable; the appeal to have the same effect as though it had been seasonably taken.   The petition fully excuses the default on the part of the petitioner in not taking an appeal within the sixty days allowed for doing so.   She was living in California, in a mountainous district, away from friends or

where she could obtain legal advice, when the order in question was made, and she was ignorant of her rights, and of what was being done in the settlement of her father's estate, until the sixty days for taking an appeal had expired. If she had any information that a copy of the will had been admitted to probate as the will of her father, she surely had no correct information on the subject, and did not know what steps it was necessary to take under the statute to obtain a revision of the order. She is the only child of the testator, and will take his estate, subject to the rights of her mother, if he died intestate. The original will cannot be, or was not, found, and there is attached to the petition a letter and affidavits of persons who state that the testator had told them he had destroyed the will, or had made another disposition of his property. But the fact itself that the will could not be found raises a strong presumption that it was destroyed by the testator in his life-time.

It appears that the copy of the will which was admitted to probate was obtained from the memoranda of the lawyer who drew the original. The petitioner states that her father was a careful man in keeping his papers, and had a large number of notes, mortgages, and other valuable papers in his possession; and it is certainly strange, if he had not intentionally destroyed his will, that it was not found among these papers. At all events, the matter stated in the petition presents a case for allowing an appeal from the order of the county court admitting the copy of the will to probate, and there are strong grounds for believing that justice will be promoted by the revision of that order. We are clearly of the opinion that, under the circumstances, it was an abuse of discretion on the part of the circuit court in not allowing the appeal as asked. The question as to whether or not the original will was destroyed by the testator is important, and should undergo further examination

and inquiry.  We therefore think the order of the circuit court must be reversed, and the cause remanded with directions. to allow an appeal as prayed for.

*By the Court.*— Ordered accordingly.