Shuman vs. Hurd.

Shuman, Appellant, vs. Hurd, Guardian, Respondent.

*April 16 — May 5, 1891.*

*Appeal from judgment of county court assigning real estate: Leave to appeal after time.*

A child, born seven months and twenty three days after her mother was divorced from her first husband, and four months and twenty one days after her remarriage, has such an interest in the question of her own legitimacy, and of her rights as heir of her mother and of the first husband, as entitles her to appeal from the judgment of the county court assigning the real estate of her deceased mother on the final settlement of her estate; and leave may properly be granted to her to take such an appeal after the expiration of the sixty days allowed by law, where her failure to appeal in time was without fault of her guardian, and because such assignment was unknown to him.

APPEAL from the Circuit Court for *Rock* County. The case is stated in the opinion.
For the appellant there was a brief by *Smith & Pierce*,

and oral argument by *C. E. Pierce.* Among other things, they argued that the petition for leave to appeal shows no reasonable excuse for the guardian's failure to appeal in due time, as he then knew all the facts. From the facts stated in the petition, the ward of the petitioner must almost conclusively be presumed to be the child of the second husband of her mother, and is not therefore entitled to appeal as an aggrieved party. *Watts v. Owens,* 62 Wis. 519; *Niles v. Sprague,* 13 Iowa, 198; 2 Wharton on Evidence, sec. 1298; 2 Greenl. Evi. sec. 150; *Rhyne v. Hoffman,* 6 Jones (N. C.), Eq. 335; *Phillips v. Allen,* 2 Allen, 453; *Cross v. Cross,* 3 Paige, 139; *Patterson v. Gaines,* 6 How. 550; *Montgomery v. Montgomery,* 3 Barb. Ch. 132; *Denneson v. Page,* 72 Am. Dec. 644; *Baily v. Boyd,* 59 Ind. 292; 2 Bishop on Marr. & Div. sec. 740; *St. George v. St. Margaret,* 1 Salk. 123. The judgment of divorce is conclusive upon the child as to all the material facts found by the court, one of which must have been that of non-access of the first husband. *Amory v. Amory,* 26 Wis. 152; *Bradshaw v. Heath,* 13 Wend. 407; *Vance v. Vance,* 17 Me. 203; *Prescott v. Fisher,* 22 Ill. 390; Freeman, Judg. sec. 313; 1 Greenl. Ev. secs. 528–535; *Ennis v. Smith,* 14 How. 400; *Perry v. Meadowcroft,* 10 Beav. 122.

For the respondent there was a brief by *Winans & Hyzer,* and oral argument by *E. M. Hyzer.* To the point that the judgment of divorce was not conclusive upon the question of legitimacy, they cited *Barker v. Dayton,* 28 Wis. 378; *Bacon v. Bacon,* 43 id. 202; *Cross v. Cross,* 3 Paige Ch. 139.

ORTON, J. The material facts of this proceeding are as follows:

On the 20th day of November, 1880, Lelia M. Hurd was duly intermarried with one Andrew Ingle. On the 3d day of October, 1884, an action for divorce, on the grounds of

desertion and of cruel and inhuman treatment, was commenced in the circuit court of Rock county by said Andrew Ingle against said Lelia M. Ingle, and on the 15th day of November, 1884, a judgment of divorce was entered therein. From the time of said marriage until said divorce was granted the parties lived, boarded, and lodged in the same house, and had ample opportunity of access to and sexual intercourse with each other. On the 15th day of February, 1885, just three months after her divorce, said Lelia M. Ingle was married to the appellant, *Alexander Shuman.* On the 8th day of July, 1885, seven months and twenty-three days, or 235 days, after divorce from the said Andrew Ingle, and four months and twenty-one days, or 143 days, after her marriage to said *Alexander Shuman,* she gave birth to Frances M. Shuman, the ward of the respondent, *John C. Hurd,* her guardian.

On the 19th day of April, 1888, the said Lelia M. Shuman died in Rock county, intestate, leaving surviving her two daughters, the said Frances M. Shuman, and Sarah Myrtle Shuman, who was born subsequently to the said Frances, and her husband, *Alexander Shuman,* the appellant. The said Lelia M. Shuman, deceased, left personal estate valued at $40,000, and died seised of real estate valued, exclusive of her homestead at about $12,000. One Silas Hurd was appointed administrator of said estate by the county court of Rock county, and on final settlement of the estate the real estate was assigned to the said Frances M. and Sarah Myrtle Shuman, in common, subject to the rights of said *Alexander Shuman,* as tenant by curtesy, during his life, and the said *Alexander Shuman,* the appellant, entered into possession thereof. The respondent, *John C. Hurd,* was appointed the general guardian and guardian *ad litem* of the said Frances M. Shuman, who was an infant of five years of age. The said Frances M. Shuman and the said *John C. Hurd* were both ignorant of the entry of said order of as-

signment, and failed to take an appeal therefrom to the circuit court in the time fixed by the statute, and they petitioned the circuit court of Rock county for leave to take such appeal, and said court made an order granting said leave. From that order this appeal is taken.

It seems that the said Andrew Ingle, the first husband of the said Lelia M., is very wealthy and has large estates, and the said Frances M. is not only interested therein as his heir, but is vastly more interested in the question of her legitimacy as his child. The *status* of Andrew Ingle and Lelia M. Ingle as husband and wife was determined by the judgment of divorce, by which the bond of matrimony between them was dissolved. *Williams v. Williams*, 63 Wis. 58. Frances M. was born about seven months after the divorce of the said Andrew and Lelia M. Ingle, and less than five months after her marriage with the appellant, *Alexander Shuman*. It is claimed by the learned counsel of the respondent that the conclusion is inevitable that Frances M. was begotten in the lawful wedlock of the said Lelia M. and Andrew Ingle, and that she is therefore his legitimate child. Her birth during the wedlock of Lelia M. and *Alexander Shuman* made her presumptively, only, the child of the said *Alexander*. It would require the clearest and most conclusive evidence of non-access between husband and wife to bastardize one of their children begotten and born during lawful wedlock, and there is no such evidence in this case to show non-access between Andrew and Lelia M. Ingle after their marriage, and before their divorce, so as to make Frances M. illegitimate, or to cast any suspicion on her legitimacy, and it is very doubtful if such evidence would be permitted for such a purpose. Although Frances M. was born during the lawful wedlock of Lelia M. and *Alexander Shuman*, and is presumptively their child and heir, the facts may overcome such a presumption, and show conclusively that she is not the child of *Alexander*

*Shuman.* But these questions we do not decide, and only intimate them for the purposes of this petition, as showing sufficient ground for granting leave to take the appeal. These questions are too important to be decided in this proceeding, and must be left to be considered by the circuit court on the appeal. The petitioner, Frances M. Shuman, is deeply interested in these questions, and she should have an opportunity to bring them before the circuit court by an appeal from the order of the county court. I have not followed the able briefs of the learned counsel, for it has appeared to me unnecessary. The bare intimation of these questions, and the infancy of the petitioner, are sufficient grounds for such leave.

*By the Court.*— The order of the circuit court is affirmed.