OAKLEY and others, Appellants, vs. DAVIDSON and others, Respondents.

*April 8 — April 25, 1899.*

*Appeal from county court: Allowance by circuit court after time: Sufficiency of petition: Counter affidavits: Laches: Discretion.*

1. Proponents of a will, which was refused probate, immediately instructed their attorneys to prosecute an appeal. Within the time allowed for an appeal by sec. 4031, R. S. 1878, such attorneys filed notice of appeal and an undertaking, duly signed, and procured an order requiring notice thereof to be served within a given time, and supposed such service had been made, but were mistaken. After the expiration of the statutory time to appeal, proponents retained other attorneys and informed them an appeal had been taken, but an investigation disclosed the foregoing facts, and application under sec. 4035, R. S. 1878, was then made, on due petition to the circuit court, that leave to appeal be granted. The petition contained the usual affidavit of merits, and among others the foregoing facts. *Held*, that the failure to take the appeal within the time prescribed by statute was sufficiently excused.

2. Where the petition for leave to appeal states a *prima facie* case, the court should grant it, without considering counter affidavits as to the justness of the claim; but it must appear that the applicant is not guilty of laches.

3. Such application is addressed to the discretion of the trial court, and unless there has been an abuse of discretion, to the extent that it has worked manifest injustice, the ruling of that court should be sustained.

APPEAL from an order of the circuit court for Rock county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

The facts are stated in the opinion.

*B. F. Dunwiddie,* for the appellants.

For the respondents there was a brief by *Fethers, Jeffris & Mouat,* and oral argument by *M. O. Mouat.*

CASSODAY, C. J. This is an appeal from an order of the circuit court entered June 25, 1898, allowing *Margaret David-*

*son, Margaret K. Davidson,* and *Lewis Green* to appeal from the judgment of the county court made December 21, 1897, refusing to admit to probate an alleged will of John Crichton, bearing date December 28, 1886, and who died September 9, 1897, in and by which he bequeathed to his son *Thomas,* to his daughter *Annie Oakley,* and to his daughter *Margaret Moriarity* one dollar each, and gave, bequeathed, and devised the rest and residue of his estate, both real and personal, to his sister *Margaret Davidson,* to his niece *Margaret K. Davidson,* and to his nephew *Lewis Green,* to be divided between them share and share alike; and wherein he declared that he had deliberately, and after full consideration, limited his wife and children, for the reason that his wife had left him without cause, as the record in her action for divorce would show. *Crichton v. Crichton,* 73 Wis. 59. Such order was based upon the petition of *Margaret Davidson, Margaret K. Davidson,* and *Lewis Green,* mentioned, and verified May 27, 1898, stating, in effect, the facts mentioned, and also that, immediately after the refusal to so admit the will to probate, the petitioners directed their attorneys to take an appeal therefrom; that such attorneys prepared papers for taking the same, which were duly signed; that the petitioners did not known that the appeal had to be taken within sixty days until February 19, 1898, when they retained their present attorneys to prosecute the appeal, and told them that the appeal had been taken; that upon investigation their present attorneys found that notice of appeal and undertaking had been filed January 8, 1898, and an order entered requiring notice thereof to be served within ten days; that their former attorneys supposed the same had been served, but as a matter of fact were mistaken; that a new notice and undertaking were prepared, but the attorneys were unable to file the same in time; that by reason of the doubt about its being effectual such application was made. The petition contained the usual affidavits of merits, and that the attor-

neys for the appellants herein were still the attorneys for the adverse parties.

In addition to such verified petition, said order was based upon affidavits of *Margaret Davidson* and *Margaret K. Davidson*, filed in the case, and the testimony of Charles L. Fifield, taken in open court, and upon all the papers made and filed therein, and the affidavits of *Annie Oakley*, W. A. Jackson, and John Anderson, and the testimony of John W. Sale, county judge, and George S. Sale, taken in open court. It appeared from the affidavits and testimony in opposition to such application that during January, February, and the early part of March, 1898, the parties made efforts to settle the controversy without further litigation; that, as a result of such negotiations, a written instrument was drawn up, and signed by *Margaret Davidson* and *Margaret K. Davidson*, as parties of the first part, and *Annie Oakley*, *Margaret Moriarity*, and *Thomas Crichton*, as parties of the second part, March 15, 1898, whereby the parties of the second part agreed to pay to the parties of the first part $500, to be in full of all claim and demand in and to the estate under and by virtue of the will, but that there is no claim that anything was in fact paid; that *Green* was not a party to such agreement to settle, and never signed such paper; that six days after it was so signed by the other parties, *Margaret Davidson* and *Margaret K. Davidson* gave notice to the parties of the second part thereto that they thereby rescinded and declared such agreement void and of no effect, and that such rescission was made on account of fraud, false representations, and duress in procuring their signatures.

The statute provides that, "If any person aggrieved by any act of the county court . . . shall, from any cause without fault on his part, have omitted to take his appeal according to law, the circuit court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved, and upon such terms and

within such time as it shall deem reasonable, allow an appeal
to be taken and prosecuted in like manner and with the same
effect as though done seasonably." R. S. 1878, sec. 4035. The
same section expressly allows the party aggrieved by the al-
lowance or disallowance of such appeal to appeal to this court.
Counsel for the appellants contend that, before the trial court
could exercise its discretion in allowing such appeal, it should
have been made to appear that the omission to take such
appeal within the sixty days prescribed by statute (sec. 4031)
was without fault of the applicants, nor then unless it was
further made to appear that justice required a revision of
the case. We are clearly of the opinion that within the
repeated decisions of this court the failure to take the appeal
within the time prescribed by statute was sufficiently ex-
cused. *Hanson v. Michelson*, 19 Wis. 498; *Whereatt v. Ellis*,
70 Wis. 207; *Smith v. Grover*, 74 Wis. 171; *Behl v. Schuette*,
95 Wis. 441. The only remaining question is whether it
sufficiently appeared from the showing made that justice
required a revision of the case. In construing the statute
quoted, it was held by this court, more than thirty years
ago, that, " where the petition for leave to appeal states a
*prima facie* case, the court should grant it without consider-
ing counter affidavits as to the justice of the claim." *Groner
v. Hield*, 22 Wis. 200. The statute quoted has uniformly
received a liberal construction by this court. *Marx v. Row-
lands*, 59 Wis. 110; *Jamison v. Snyder*, 79 Wis. 286; *Shuman
v. Hurd*, 79 Wis. 654. Thus it has been held that an order
allowing such appeal will be presumed to have been based
on good and sufficient grounds, in the absence of a bill of
exceptions showing the contrary. *Marsh v. Briesen*, 84 Wis.
618. The Michigan statute differs slightly from ours, but
the decisions in that state seem to be in harmony with a
liberal rule of construction. *Merriman v. Peck*, 96 Mich.
603; *Jerome v. Donovan* (Mich.), 75 N. W. Rep. 143. In this
last case it was held that a mere affidavit of merits is an in-

sufficient showing that "justice requires a revision of the case." Of course, the applicant must not be guilty of laches. *Chase v. Bates*, 81 Me. 182. But the application is addressed to the discretion of the trial court, and, unless there has been an abuse of such discretion to an extent that has worked manifest injustice, the ruling of that court should be sustained. *Goodwin v. Prime*, 92 Me. 355. In a somewhat recent Massachusetts case, under a similar statute, it is held that the trial court, on such application, "is bound to inquire whether, upon the facts proved, substantial justice requires a revision of the decree of the probate court." But the court adds, "We do not mean to imply that it is the duty of the presiding justice to try the case fully upon its merits." *Capen v. Skinner*, 139 Mass. 190, 192. Certainly, it would be difficult to determine what justice requires upon conflicting affidavits. It is not an appropriate way of ascertaining justice. That is sufficiently indicated in *Groner v. Hield, supra*. We cannot say that there was an abuse of discretion in this case.

*By the Court.*— The order of the circuit court is affirmed.