The Deering Harvester Co. vs. Johnson.

---

The Deering Harvester Company, Respondent, vs. Johnson, Executor, Appellant.

*November 16 — December 7, 1900.*

*Appeal from county court: Granting leave after time has expired: Errors: Affidavit of merits: Abuse of discretion.*

1. Error of the county court in admitting in evidence, in support of a claim against a decedent, notes purporting to have been signed by him, without proof of his signature, does not necessarily establish "that justice requires a revision of the case" and that an appeal from the allowance of the claim should be granted, under sec. 4035, Stats. 1898, after the time for appeal has expired.

2. In such a case the petition for leave to appeal was supported only by an affidavit of the *executor's attorney,* showing that the failure to perfect an appeal in due time was due to an excusable mistake,

and stating that *the executor* "believes that justice requires a revision of the case for the reason that there never was any consideration for said notes, and the estate" does not owe the debt, "as *said executor* is informed and believes," but not stating what information the executor had or any facts justifying his belief. It was not asserted that the notes were not duly executed by the deceased; and affidavits on behalf of the claimant were to the effect that they had been so executed. *Held*, that the denial of the petition was not an abuse of discretion.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The plaintiff presented a verified claim against the estate of Peter C. Larson, deceased, consisting of three promissory notes, all dated July 31, 1896, the first for $45, and the others for $40 each, which were upon the printed form of the plaintiff corporation, and as presented were due on or before December, 1, 1897, December 1, 1898, and December 1, 1899. Each contained, in fine print, the clause, "with interest payable annually from date until paid," with the word "date" erased with a pen, and the words "August 1st, 1897," written above it. The signature on each note in ink appeared to be written over the same letters in pencil, and the year of maturity in each to have been written in similar ink over a previous smaller figure; that is to say, in the first note the figure "7" had been written over a figure "6," in the second a figure "8" over a figure "7," and in the third the figure "9" over a figure "8." No defense except a general objection to the allowance of the claim was offered in county court, and when the notes were offered in evidence they were objected to because they showed alteration on their face. The objection was overruled, the notes received, and both parties rested. The claim was allowed.

Thereupon the attorney for the executor took steps toward an appeal, but his notice of appeal was entirely lacking in the effective words, which, by affidavit hereafter mentioned, were asserted to have been intended to be,

The Deering Harvester Co. vs. Johnson.

"hereby appeals therefrom to the circuit court for Eau Claire county." Such mistake was not discovered until the statutory time for appeal had expired, whereupon within a year after the allowance of said claim A. C. Larson, apparently personally, made petition to the circuit court to allow an appeal to be taken. Larson asserts in affidavit that he is the attorney for *Johnson,* the executor. Such petition alleges the facts above stated, sets forth substantially the magnitude of the estate, the fact that the above-quoted words were omitted from the notice of appeal by error of the stenographer in extending on typewriter the notice as dictated to her, and that the omission was not discovered until about the time of the petition. No attempt at an affidavit of merits or to assert any defense to the notes was made, except the assertion in the petition, signed and sworn to by Larson, that the executor, *Johnson,* feels himself aggrieved by the allowance, deems himself without fault on his own part, and "believes that justice requires a revision of the case, for the reason that there never was any consideration for said notes, and the estate of said deceased does not owe the indebtedness thereby purported to be evidenced, or any part thereof, as said executor is informed and believes." Upon a hearing upon this petition, counter affidavits were introduced, embodying therewith a deposition of one Stumm to the general effect that the notes in question were signed by deceased, P. C. Larson, in his presence, for a harvester sold by such deponent as agent for the plaintiff; that both the signature and the dates of maturity were placed upon said notes by said Larson with lead pencil, and authority given to said Stumm to trace the same in with ink, which he did.

The circuit court made an order declaring that "the court being satisfied that the failure to perfect the appeal was accidental and without fault on the part of the appellant, but the court being further satisfied that justice does not

require a revision of this case, and that the defense is a technical one, and not being satisfied that there is a defense on the merits, now, therefore, it is ordered that said petition be, and the same is hereby, denied." From that order the executor appeals to this court.

*A. C. Larson*, for the appellant.

*Arthur H. Shoemaker*, for the respondent.

DODGE, J. The single question presented on this appeal is whether the circuit court abused its discretion in holding that appellant had not satisfactorily shown that justice required a revision of the case in compliance with sec. 4035, Stats. 1898. *Oakley v. Davidson*, 103 Wis. 101. The reasons urged for review are that the county court erred in admitting the notes in evidence, and that appellant's petition showed that he had a good defense on the merits.

The admission of the notes was objected to principally because they showed upon their face material alterations, but also because no proof was made of the authenticity of the signature. Without passing upon the first objection, a subject discussed in *Maldaner v. Smith*, 102 Wis. 30, it seems impossible to acquit the county court of error in overruling the second ground. The alleged maker of the notes being dead, the rule of the common law applied, and proof of his signature was necessary before they could be received. *Campion v. Schinnick*, 93 Wis. 111. This conclusion, however, is not final upon the question which the circuit court had to consider. Full justice may be done by a decision notwithstanding the commission of specific errors. Nay, more, a judgment may be unsupported by the record and proofs on which it was rendered, so that upon appeal to a court of errors it must be reversed, and yet it may appear that justice would not be promoted by revision. A judgment may be just, though erroneous. Obviously the allowance of the claim is not unjust by reason alone of the

erroneous reception of the notes in evidence, if the notes were in fact duly executed in their present form by the deceased. The petition does not suggest or assert that such is not the fact. The necessary inference from such silence is that the appellant was satisfied that the authenticity of the signature and of the notes themselves existed and could be proved. Otherwise he should and would have asserted at least his disbelief in such authenticity as one of the reasons for revision. Doubtless he was so convinced by the testimony of Jacob Stumm, taken by deposition some two weeks before the application was made, and at that time part of the files of the case in circuit court.

It thus appearing that the fact that the county court committed error in receiving the notes in evidence does not necessarily establish that justice requires revision, the question remains whether the allegation, sworn to by Larson, that *Johnson*, the appellant, " believes that justice requires a revision of the case for the reason that there never was any consideration for said notes, and the estate of said deceased does not owe the indebtedness thereby purported to be evidenced, or any part thereof, as said executor is informed and believes," is sufficient to convict the circuit court of abuse of discretion in denying to appellant the privilege of appealing.

The question whether justice requires revision in cases under sec. 4035 is not a technical one. It appeals to broad and intelligent judgment and discretion in the court, adapted to variant situations, and involving different considerations. The amount in controversy may be insignificant; a purpose of delay or obstruction may be apparent; applicant's views of the law may be mistaken; the facts on which he relies may be immaterial, or the evidence thereof frivolous or obviously insufficient. While, in deciding it, a genuine and substantial controversy arising from conflict between allegations of the petition and counter affidavits as to the facts

is not proper to be decided, but the facts properly asserted by the applicant which bear upon the merits are to be assumed as probably existing, and while all due liberality should be extended in favor of a full hearing, yet the burden is upon the applicant to satisfy the court that, in view of all the known facts, there is at least reasonable probability that upon further hearing a result more favorable to him will be reached. The court should be given opportunity to judge from the facts themselves, rather than from the applicant's conclusions or generalizations, and it is the latter's duty — since he is a supplicant for favor — to lay before the court, as fully and frankly as in his power, all the facts which he believes to justify him in making the application. *Groner v. Hield,* 22 Wis. 200; *Downer v. Howard,* 47 Wis. 476; *Marx v. Rowlands,* 59 Wis. 110, 114; *Jamison v. Snyder,* 79 Wis. 286, 288; *Shuman v. Hurd,* 79 Wis. 654, 658; *Oakley v. Davidson,* 103 Wis. 101; *Capen v. Skinner,* 139 Mass. 190; *Sanborn v. St. Clair Circuit Judge,* 94 Mich. 519, 526; *Jerome v. Wayne Circuit Judge,* 117 Mich. 19.

The field of discretionary consideration in allowing appeal after absolute right is lost is, as to this branch of the question, very similar to that involved in opening a default or setting aside a judgment to let in a defense. It has frequently been held in the latter class of cases that allegations as to a defense, made upon information and belief, are not sufficient to justify relief from a judgment and opportunity to defend. *Pinger v. Vanclick,* 36 Wis. 141, 145; *Superior C. L. Co. v. Dunphy,* 93 Wis. 188, 193; *Thayer v. Swift,* Walk. Ch. 384; *Meach v. Chappell,* 8 Paige, 135. Completed litigation should not be revived without full affirmative showing that there are valuable rights at least likely to be protected by further hearing, and the authorities last cited are not without weight as guides to circuit courts upon applications like the present. If such courts allow themselves to be satisfied by the information and belief of an applicant,

The Deering Harvester Co. vs. Johnson.

and exercise their discretion in favor of the appeal, it by no means follows that such discretion should be disturbed by this court. On the other hand, however, where the court vested with the discretion has exercised it the other way, and has refused to be satisfied of the probable existence of a defense when no facts tending to establish it have been presented, can it be said that clear abuse of discretion appears? It may well be that failure by petitioner to lay before the court any facts justifying his belief may have satisfied the court that the application was not in good faith and that no such facts existed. We do not, and presumably the circuit court did not, overlook the consideration that increased liberality should be accorded those who, like administrators, litigate in a representative capacity and with reference to transactions of which, *ex necessitate*, they can have only information and not personal knowledge. Nevertheless, if the applicant had a belief founded upon information, it follows necessarily that he could have stated to the court what information he had. If derived from documents, they could and should have been laid before the court; if from statements of other persons, affidavits from such others of the truth of their statements should have been presented, or applicant's inability to obtain them should have been explained. Such was the course pursued in *Jamison v. Snyder*, 79 Wis. 286, the only case in which this court has reversed the decision of a circuit court denying appeal. Not only was the application in this case lacking in the respects above suggested, but it contained no authentic assertion, even, that the applicant had either information or belief in the existence of any defense. The formal declaration by the attorney that his client has information and belief cannot, in the nature of things, be an allegation of anything within the former's own knowledge, and he does not attempt to state any ground for his assertion of his client's state of mind, not even that any disclosure thereof has been made to him by

the latter.   Upon such an application, the court may well have been satisfied that neither the applicant nor his attorney had either knowledge or information of any facts likely to constitute any defense or to make allowance of appeal fruitful of anything except delay and expense to both parties.   It was, at least, a field in which the statute vested him with discretion, which we cannot say has been abused.

*By the Court.*— The order appealed from is affirmed.