WILL OF LOEWENBACH : LOEWENBACH and another, Executors, Appellants, vs. LOEWENBACH, imp., Respondent.

*December 7, 1932—January 10, 1933.*

254

For the appellants there was a brief by *McGovern, Curtis & Devos* of Milwaukee, and oral argument by *F. E. McGovern.*

For the respondent there was a brief by *Hugo J. Trost* and *E. D. Fitzpatrick,* both of Milwaukee, and oral argument by *Mr. Fitzpatrick.*

FRITZ, J.   Promptly after a petition was filed to probate an instrument as the will of Hugo Loewenbach, deceased, objections thereto were filed by Erwin B. Loewenbach. Judgment admitting the will to probate was entered on March 4, 1932, and notice of entry thereof was served on Erwin B. Loewenbach on March 11, 1932.   On March 29, 1932, an order was entered on the application of Erwin B. Loewenbach, which provided for the service of his notice of appeal on the register in probate, and on the attorneys for the proponents of the will; and the court approved an undertaking on appeal, which was then submitted.   A notice of appeal by Erwin B. Loewenbach was served on the register in probate on March 29, 1932, and on the proponents' attorneys on April 1, 1932, but no notice was served on the proponents, Herbert Loewenbach and Lucile E. Strauss, personally. Likewise, no application had been made for an order fixing the amount of the undertaking on such an appeal, and no such order had been entered.   Because of those omissions and defects in the attempt of the attorneys for Erwin B. Loewenbach to take an appeal on his behalf, an order was entered on May 21, 1932, adjudging that the attempted appeal was void.   On May 25, 1932, on an affidavit and application by Erwin B. Loewenbach, the proponents were ordered to show cause why the court should not enter an order which would permit the applicant to take and perfect an appeal from the judgment admitting the will to probate, and which would

also extend the time to serve a bill of exceptions. In his affidavit Erwin B. Loewenbach stated that immediately after the service of the notice of entry of judgment he requested his attorneys to appeal; that he intended in good faith to appeal and was ready to do everything necessary to appeal; that within five days after the entry of judgment he had ordered a transcript of the proceedings on the trial; that he had paid for 1,800 pages of transcript; and that his bill of exceptions would have been ready within the period prescribed by statute. In a counter affidavit, one of the proponents asserts that delay in consequence of a stay of proceedings is apt to result in probable consequential damages of $100,000, because of financial conditions affecting real property of the estate. The probability of that loss was conceded on the hearing. On June 29, 1932, the court entered an order, which allowed Erwin B. Loewenbach to take and perfect an appeal within ten days, and to serve his bill of exceptions within thirty days, and which fixed $250 as the amount of the undertaking on appeal. Herbert G. Loewenbach and Lucile E. Strauss, in appealing from that order, contend that in so far as the order allowed Erwin B. Loewenbach to take an appeal, it was erroneous because there was no showing (as required to entitle a party to relief under sec. 324.05, Stats.) (1) that he was without fault in omitting, in the first instance, to perfect an appeal according to law; and (2) that justice requires the revision of the case.

The attempt to appeal on March 29, 1932, failed only because of errors of law in that there was no proper service on the adverse parties, and no notice had been given of an application for an order, and no order had been made, which fixed the amount of the undertaking for that appeal. Otherwise the appeal would have been timely. That it was undoubtedly being taken in good faith and not for delay is demonstrated by the dispatch, including the procuring of the

expensive transcript, with which Erwin B. Loewenbach and his attorneys acted. It is manifest that the default in properly perfecting the appeal occurred because of mere technical errors in procedure, which were committed by his attorneys, and without any fault in fact on his part, and in relation to which it is unlikely that he, as a layman, had any actual knowledge or understanding. Under those circumstances, it was permissible to relieve him from that default under the rule that "defaults incurred through ill advice or negligence of counsel are to be relieved against as well as any others." *Estate of Hilgermann,* 208 Wis. 520, 243 N. W. 753, 755. To the cases then cited may be added *Oakley v. Davidson,* 103 Wis. 98, 79 N. W. 27. That decision and the cases therein cited afford ample precedent for the conclusion that the default in perfecting the appeal in the case at bar was sufficiently excused within the meaning of sec. 324.05, Stats., under the liberal construction which it has uniformly received by this court. In consonance with that rule of construction, it is established that the provision in the statute that "it shall appear that justice requires a revision of the case" does not mean that it must appear that justice requires a reversal of the order or judgment which is to be reviewed on an appeal. As this court said in *Oakley v. Davidson, supra,*—

"Certainly, it would be difficult to determine what justice requires upon conflicting affidavits. It is not an appropriate way of ascertaining justice."

It is sufficient if the facts and circumstances, as disclosed by the record and proceedings, are such that the trial court is satisfied that it is in the interests of justice to permit a review of the judicial act on the appeal of an interested aggrieved party who is himself without fault in omitting to perfect his appeal according to law. When that appears to the satisfaction of the court, then within the contemplation

of sec. 324.05, Stats., it may be considered in furtherance of justice to relieve a party, who has otherwise proceeded diligently and in good faith, from a default by still permitting a review of the judicial act which is challenged. In the order which is now under review, it is stated that it is based on the entire record and proceedings in the matter, and, although the learned judge probably did not consider Erwin B. Loewenbach actually entitled to a reversal of the order admitting the will to probate, he may nevertheless have considered the judicial problems, which arose during the trial and in deciding the issues, of such debatable character as to render a review thereof on appeal proper and desirable in the interests of justice. At all events, in view of what appears in that portion of the record which has been certified to this court on this appeal,—to say nothing of what may otherwise have been rightly taken into consideration by the court as part of all of the other proceedings on the trial of this matter,—we are not warranted in holding that there has been an abuse of discretion in allowing the appeal. In the absence of such an abuse, the order made under sec. 324.05, Stats., must be affirmed. *Oakley v. Davidson, supra; Estate of Hilgermann, supra.*

As it was proper to allow the appeal, it was of course also proper to extend the time for serving the bill of exceptions, which it was shown would have been served within the time prescribed by statute but for the pendency of the proceedings that resulted in the adjudication that the first attempt to appeal was ineffectual.

Appellants also contend that the order now under review was erroneous in specifying only $250 as the amount of the undertaking, which was to be furnished on the appeal by Erwin B. Loewenbach, instead of requiring an undertaking for such an amount as would fully indemnify the estate for such consequential damages as it may sustain as a

result of delay, because of the appeal, in proceeding at once with the administration of the estate under the will. It is established that the matter of bonds on appeals from the county courts in probate matters is governed by the provisions in ch. 324, Stats., and not by the provisions in other statutes relating to appeals from other courts. *Estate of Sveen,* 202 Wis. 573, 232 N. W. 549. In that case, involving an appeal from a final order of distribution of an estate, it was contended that a certain provision in ch. 274, Stats., relating to bonds on appeals to this court, was applicable to bonds to be given on appeals from county courts. In response to that contention this court said:

"However, this general statutory provision is in obvious conflict with sec. 324.04, which relates specifically to appeals from county courts to this court. That requires the filing and serving of an undertaking in such sum and with such surety as the judge shall approve, 'to the effect that he will diligently prosecute his appeal and pay all damages and costs which may be awarded against him on such appeal.' This undertaking is to 'pay all damages and costs,' and stays all further proceedings in pursuance of the act appealed from. Sec. 324.06, Stats. It was the apparent legislative purpose to make this bond the exclusive bond required upon an appeal from the county court."

Consequently, the character of the undertaking that Erwin B. Loewenbach was to give is governed by sec. 324.04 (2), Stats., which prescribes that the undertaking which an appellant is to file shall be "in such sum and with such surety as the judge thereof shall approve," and shall be "to the effect that he will diligently prosecute his appeal and pay all damages and costs which may be awarded against him on such appeal." Those words "on such appeal" restrict the damages, which are payable by virtue of the undertaking, to such damages as can be awarded "on such appeal" in passing upon the issues then involved. That limitation does not per-

mit including damages which a respondent or an estate may otherwise sustain in consequence of an appeal. If indemnity for consequential damages had been intended, sec. 324.04 (2), Stats., and the bond therein prescribed should, and very likely would, have been to that effect. The omission to so require in sec. 324.04, Stats., is of significance in view of the fact that in the companion section, sec. 324.09, it was deemed necessary to expressly so provide, in order to extend the coverage to consequential damages. That section relates to appeals from the allowance of claims against an estate, and provides specifically that when an executor or administrator declines to appeal, the bond to be given by any other person appealing shall "secure the estate from all damages and costs in consequence of such appeal and to secure the intervening damages and costs to the adverse party." The difference in the wording of those companion sections of the statutes, and the absence of any provision in sec. 324.04 (2), Stats., as to consequential or intervening damages, leads to the conclusion that the bond required under sec. 324.04 (2) is to cover only such damages as can be awarded on the appeal itself. That does not include damages which may be sustained incidentally to an appeal because of delay and economic conditions which impair the assets of the estate. As the learned trial judge said:

"It is not apparent how such damages could be awarded by the supreme court on appeal, any more than it is apparent that such damages might have been awarded in the county court, due to the delay caused by the filing of the objections and the hearing on the same. . . . I do not believe that the law contemplates any such thing as legal damages in cases of this kind. If such losses were ascertainable and assessable, they would not be in the nature of legal damages but in the nature of a penalty imposed on one assuming to exercise the right to object or a right to appeal. Supposing the judgment of the county court had denied the probate of the will, and the proponents were the appellants, there would be the same

delay and the same loss as is here anticipated. In the event the appellants were unsuccessful on the appeal, what recourse would the objector have? It does not seem to me that it is the purpose or intention of the law that appeals are to be allowed at such peril to the appellant." -

By virtue of the provision in sec. 324.06, Stats., upon the giving of a notice of appeal at the office of the county judge "all further proceedings in pursuance of the act appealed from shall cease until the appeal shall be determined." That provision does not make a stay of proceedings dependent upon the filing of an undertaking to cover consequential damages, and as there is no such requirement prescribed by the provisions of sec. 324.04 (2), Stats., which governs the undertaking that is required in this matter, no error was committed in fixing the amount thereof at $250.

*By the Court.*—Order affirmed.