## *In re* TONNELIER'S ESTATE.

1. COURTS—DELAYED APPEAL FROM PROBATE COURT—DISCRETION OF CIRCUIT COURT—STATUTES.

   A determination of the circuit court pursuant to its statutory authority relative to delayed appeals from orders of the probate court will not be reversed unless it appears there has been a clear abuse of discretion (Act No. 288, chap. 1, § 43, Pub. Acts 1939).

2. SAME—DELAYED APPEAL FROM PROBATE COURT—BURDEN OF PROOF.

   One seeking a delayed appeal from an order of the probate court has the burden of satisfying the circuit court that, in view of all the known facts, there is at least reasonable probability that upon further hearing a result more favorable to him will be reached and that justice requires a revision of the case (Act No. 288, chap. 1, § 43, Pub. Acts 1939).

3. SAME—DELAYED APPEAL FROM PROBATE COURT—STIPULATIONS—DISCRETION OF CIRCUIT COURT—AFFIDAVITS.

   The circuit court did not abuse its discretion in denying petition for delayed appeal from order of probate court, entered pursuant to stipulations filed therein relative to assets of respective estates of a husband and wife, where petition and its supporting affidavit indicate that affiant protested against entering into last stipulation but does not show that any of the facts were misrepresented to her and petition and affidavit do not set up sufficient facts to require a revision of the case (Act No. 288, chap. 1, § 43, Pub. Acts 1939).

Appeal from Berrien; Evans (Fremont), J. Submitted June 10, 1943. (Docket No. 39, Calendar No. 42,375.) Decided September 7, 1943.

In the matter of the estate of Henry R. Tonnelier, deceased. Edward J. Tonnelier and others filed

petition in circuit court asking for a delayed appeal from certain orders. Petition denied. Petitioners appeal. Affirmed.

*Charles W. Gore* and *Arthur E. Leckner,* for petitioners.

*Burns & Hadsell,* for estate of Jane Tonnelier.

SHARPE, J. Henry R. Tonnelier died during the month of July 1938, leaving a will which appointed Jane A. Tonnelier, his widow, his executrix. She acted as executrix of such will until her death in June of 1940. Anne C. Parsal was appointed executrix of the estate of Jane A. Tonnelier. After the death of Jane A. Tonnelier, Edward A. Westin was appointed administrator *de bonis non* with will annexed of the estate of Henry R. Tonnelier.

The estate of Jane A. Tonnelier by Anne C. Parsal, executrix, filed its final account as executrix in the estate of Henry R. Tonnelier. Edward A. Westin, administrator of the Henry R. Tonnelier estate, filed objections. All of such objections were settled by stipulation except as to certain assets in a safety deposit box in St. Petersburg, Florida, which were not included in the account of Jane A. Tonnelier, executrix of the estate of Henry R. Tonnelier.

On March 13, 1941, the following stipulation was entered into:

"It is hereby stipulated and agreed between all interested parties in the above estate, by and through their respective attorneys, that, after an investigation of the circumstances and as many facts as can be ascertained, the contents of the safety deposit box in the South [Southern?] National Bank of St. Petersburg, Florida, described in

objection number 8 filed in this cause by Edward A. Westin, administrator *de bonis non* with will annexed of the estate of Henry R. Tonnelier, to the final account of the estate of Jane A. Tonnelier, deceased, as executrix of the estate of Henry R. Tonnelier, deceased, and the similar objection filed by Francis J. Miller, attorney for Rose Tonnelier, Richard E. Tonnelier and Marie Boch, commonly known as Bessie Boch, were the sole property of Jane A. Tonnelier, and that included therein were all the contents of the safety deposit box in the Peoples State Bank of St. Joseph, Michigan, excepting $10,000 in United States government bonds registered in the name of Henry R. Tonnelier or Jane A. Tonnelier or survivor.

"It is further agreed between the interested parties in the above estate, by and through their respective attorneys, that an order may be entered by the above court, after a hearing upon such evidence as may be available, including this agreement, finding that the contents of said safety deposit box in the Southern National Bank of St. Petersburg, Florida, including the contents of the safety deposit box in the Peoples State Bank of St. Joseph, Michigan, with the exception of the government bonds above referred to, were the sole and separate property of said Jane A. Tonnelier during her lifetime and before the death of Henry R. Tonnelier.

"It is further stipulated between the interested parties in the above entitled cause, by and through their respective attorneys, that the hearing above referred to may be brought before said court at any time without notice to any of the parties."

On the same day an order was entered in the probate court finding that the assets in the deposit box, with the exception of the $10,000 in government bonds, were the sole and separate property of Jane A. Tonnelier. This order conformed to the above stipulation. After the above order was en-

tered, the estate of Jane A. Tonnelier settled with the estate of Henry R. Tonnelier and delivered certain personal property, real estate, and cash to it. On October 1, 1941, the probate court discharged Jane A. Tonnelier as executrix, released her bond, and cancelled her letters testamentary in the estate of Henry R. Tonnelier.

Subsequently, the heirs of Henry R. Tonnelier filed a petition for a belated appeal from the orders of the probate court dated December 4, 1940, and March 13, 1941. The reasons stated in the petition are as follows:

"(1) That said orders, and stipulation upon which same were based, wrongfully transferred valuable property and assets of said estate to the estate of Jane A. Tonnelier, deceased.

"(2) That aforesaid orders were entered contrary to the rights of the said heirs at law and of said estate, and not in accordance with the law.

"(3) That said heirs protested against the entering into stipulation upon which such orders were based, and have just learned that the provisions thereof were not in accordance with the rights of such heirs and contrary to law.

"(4) That failure to take the appeal within 20 days as provided by statute was not in any manner the fault of said heirs, because the facts set forth above have just come to their knowledge.

"(5) That justice requires the order of the probate court to be reviewed.

"(6) That the consideration for the stipulation upon which the order of the probate court was based, has entirely failed."

The authority to grant a delayed appeal is found in Act No. 288, chap. 1, § 43, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 16289–1 [43], Stat. Ann. 1942 Cum. Supp. § 27.3178 [43]), and reads as follows:

"If any person aggrieved by any act of the judge of probate shall from any cause, without default on his part, have omitted to claim or prosecute his appeal according to law, the circuit court, if it shall appear that justice requires a revision of the case, may, on the petition of the party aggrieved, and upon such terms as it shall deem reasonable, allow an appeal to be taken and prosecuted with the same effect as if it had been done seasonably."

In *Clark* v. *Berrien Circuit Judge,* 194 Mich. 180, we said:

"We have held many times that we would not reverse the determination of the circuit court under this statute unless it appeared that there had been a clear abuse of discretion."

In *Taylor* v. *Bay Circuit Judge,* 234 Mich. 363, we quoted with approval from *Deering Harvester Co.* v. *Johnson,* 108 Wis. 275 (84 N. W. 426), as follows:

"The burden is upon the applicant to satisfy the court that, in view of all the known facts, there is at least reasonable probability that upon further hearing a result more favorable to him will be reached."

We also said in that case:

"On a hearing of a petition under this statute the circuit judge is supposed to exercise his judgment on all the evidence presented by the petition, its supporting affidavits and the counter affidavits. * * * The burden is upon the plaintiffs to convince the court that 'justice requires a revision of the case.' "

In *Moritz* v. *Wayne Circuit Judge,* 291 Mich. 190, a stranger to the estate had shared as an heir at law. We there held that a misconception of the law as to the rights of the stranger did not entitle petitioner to a delayed appeal.

In *Schmid* v. *Wayne Circuit Judge,* 298 Mich. 499, we granted a writ of mandamus requiring the circuit court to set aside an order allowing special appeal. The petitioner stated in the application for leave to appeal that:

"He has a good and meritorious claim and that the ends of justice require that he be allowed to appeal to the circuit court for the county of Wayne from said order so that his interest and interests of the other heirs at law be well protected, * * * and that the interests of justice require that he be now allowed to take such an appeal."

In commenting on this petition, we said: "(It) was but an assertion wholly without stated facts from which the court might reach such a conclusion."

In the case at bar, there is no fraud or duress claimed by the petitioners. The order complained of in this court was entered on March 13, 1941. The calendar entries show that the petition for a delayed appeal was filed December 19, 1941, a little more than nine months after the stipulation complained of was entered into. An examination of the affidavit upon which the petition is based shows that the affiant protested against entering into the stipulation, but there is no showing that any of the facts were misrepresented to her. We are in accord with the statement of the trial court: "The best that can be said for her affidavit is that after eight (nine) months' delay, her doubts as to the advisability of having signed the stipulation have increased and she now wants this court to relieve her from her own bad judgment." In our opinion the petition and affidavit do not set up sufficient facts to require a revision of the case. There was no abuse of discretion on the part of the trial court in denying the motion for a delayed appeal.

The order denying a delayed appeal is affirmed, with costs.

Boyles, C. J., and Chandler, North, Starr, Butzel, and Bushnell, JJ., concurred. Wiest, J., concurred in the result.