Marsh vs. Briesen.

---

MARSH, Respondent, vs. BRIESEN, Administrator, Appellant.

*March 22 — April 11, 1893.*

*Appeal from county court: Allowance by circuit court after time: Presumptions.*

1. An order of the circuit court, made under sec. 4035, R. S., allowing an appeal from a county court by a party who omitted to take such appeal according to law, will be presumed to have been based on good and sufficient grounds, in the absence of a bill of exceptions showing the facts or grounds upon which it was based.
2. A party alleging error in any case must show it; it will not be presumed.

APPEAL from the Circuit Court for *Dodge* County.

The facts are stated in the opinion.

For the appellant there were briefs by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.*

For the respondent there was a brief by *Van Buren & Moak* and *J. E. Malone,* attorneys, and *James J. Dick,* of counsel, and oral argument by *Mr. Dick.*

ORTON, J.    The respondent presented to the county court of Dodge county a claim against the estate of Wilhelmina Ihk, deceased, for allowance, and which was disallowed by said court on the 12th day of May, 1891. Thereupon she appealed to the circuit court of Dodge county from such disallowance, and on a change of venue the case went to

the circuit court of Fond du Lac county, and that court dismissed said appeal on the 31st day of March, 1892, on the ground of a defect in signing the appeal bond. On the 22d day of April, 1892, the respondent filed her petition and made a motion in said court to allow her to appeal from said order of disallowance of her claim by the county court under sec. 4035, R. S., on the ground that she omitted to take her said appeal within the sixty days after said order, according to law, without fault on her part, and that justice requires a revision of the case. The circuit court made an order allowing the respondent to take such appeal in like manner and with the same effect as though seasonably done; and the said *Briesen*, as administrator of said estate, has appealed to this court from said last-mentioned order.

The order dismissing the appeal, of the circuit court of Fond du Lac county, is not here for review. The learned counsel of the respondent, however, refers to that order to show that the defect was that the surety, although he signed the bond on that appeal, did not do so in the usual place, but that he also signed the jurat of justification properly. This is shown to bring the case within the statute that requires her to show that her omission to appeal in time, according to law, was not her fault, but the mistake of her surety. The circuit court, in making the order appealed from, must have found the necessary facts,— that such omission was not her fault, and that justice requires a revision of her case. There is no bill of exceptions to bring before this court the facts, considerations, or grounds upon which the circuit court based the order. The presumption is that the court had good and sufficient reasons and grounds for the order. It is alleged as error that the court found that justice requires a revision of the case. Those who allege error in any case must show it. It will

not be presumed. The presumption is the other way. The appellant has not shown any error in the ruling of the circuit court.

*By the Court.*— The order of the circuit court is affirmed.