Weadock vs. Ray.

---

WEADOCK, Executor, Appellant, vs. RAY, Respondent.

*September 25 — October 15, 1901.*

*County court: Setting aside order after time for appeal: Laches.*

An application to the county court to set aside an order, after the time for appeal has expired, on the ground of fraud or mistake, is an application to the equity power of the court and will be denied if the applicant has been guilty of laches.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an appeal by the executor above named from a judgment of the circuit court for Douglas county affirming the judgment of the county court of said county, which denied the executor's petition to vacate an order of the county court dated August 7, 1893, requiring the executor to pay the claim of the respondent out of the assets of the estate of E. V. Mundy on or before October 7, 1893. The order which is sought to be set aside in this proceeding is the same order forming the basis of the action of *Roberts v. Weadock*, which has been twice in this court, the first appeal being reported in 98 Wis. 400, and the second appeal being decided herewith. *Ante*, p. 488. By reference to the two opinions above referred to, the facts with regard to the entry of the said order will be sufficiently ascertained without restatement.

After the decision of this court upon the first appeal, and in the month of February, 1898, *Mr. Weadock*, the executor, filed his petition in the county court of Douglas county to set aside and vacate the order of August 7, 1893, upon various grounds, among others that the county court had no jurisdiction to make said order; that the said executor was not served with any notice of the application for said order; that he did not authorize any attorney to appear for him on said application; that he did not appear personally at the time said order was made, and had no knowledge thereof; and that, as matter of fact, he had no assets of said estate in his hands with which he could comply with said order. The respondent, *Ray*, made answer to the petition, and the matter was heard before the county court, and resulted in an order denying the prayer of the petition. Thereupon, an appeal was taken to the circuit court by the executor.

In the circuit court a new trial was had, and the court made findings of fact in which he found, among other things, that the order allowing the *Ray* claim was made on the 7th day of August, 1893; that the appellant was not present or

represented by attorneys at the time said order was made, but was informed thereof by letter not later than August 15, 1893; that he failed to pay the claim as allowed, and that on February 16, 1894, application was made to the county court by the respondent, *Ray*, for permission to sue *Mr. Weadock* and the sureties on the bond; that, upon this application, *Mr. Weadock* appeared, and the matter was adjourned from time to time until October 16, 1894, when an order was made granting leave to sue *Mr. Weadock* on his executor's bond; that said action was brought November 20, 1894, and was thereafter tried, resulting in a judgment of nonsuit July 8, 1897, which judgment was reversed upon appeal to this court, and the action remanded for a new trial; that, at the time the order of August 7, 1893, was entered, *Mr. Weadock* had been acting as executor for two years; that the time for creditors to file claims had long since expired; that an inventory of the estate filed prior to August 7, 1893, showed personal property appraised at $37,215.34, and real estate appraised at $34,223.65, in the hands of the executor; that on said 7th of August, 1893, the executor knew that a considerable portion of the personal property was worthless, but had not disclosed such fact to the county court, and that the real estate had at that time depreciated about forty per cent. from the appraised value thereof; that the county court was on said date justified in finding, from the evidence before it, that the estate was sufficient to pay all claims that had been allowed or might be allowed against the estate, together with all expenses of administration; that on said date the executor had in his hands sufficient assets to pay all claims allowed against the estate and pending on appeal, together with all expenses of administration; that the total amount of claims allowed against said estate is $5,617.41, all of which have been paid except the claim of the respondent, *Ray*.

As conclusions of law, the court found that on August 7,

Weadock vs. Ray.

1893, the county court had jurisdiction of the subject matter of the order requiring the executor to pay the *Ray* claim, as well as jurisdiction of the parties, and that such order was properly made; that the fact that the attorneys for the respondent, *Ray*, who made application for said order, were not practicing attorneys in this state did not invalidate the same; and that the judgment of the county court refusing to vacate said order should be affirmed, with costs.

For the appellant there was a brief by *Thomas A. E. Weadock, in pro. per.*, and *George B. Hudnall*, attorney, and oral argument by *Mr. Weadock.*

For the respondent there was a brief by *Reed & Reed*, and oral argument by *Myron Reed.*

WINSLOW, J.   This court having, for what seem to us good and sufficient reasons, affirmed the judgment in the case of *Roberts v. Weadock, ante*, p. 488, thus finally determining the liability of the executor to pay *Mr. Ray's* claim, it is difficult to see how any good purpose can be subserved by a reversal of the order here appealed from. The reversal, if made, would be absolutely barren of results beneficial to the executor.

But there does not appear to be any valid ground upon which a reversal of the order before us could be based. The findings of fact made by the trial court are amply sustained by the evidence, and upon those findings it is perfectly evident that the order of August 7th, requiring the executor to pay the respondent's claim, was properly made. Indeed, that question was nearly, if not quite, settled adversely to the appellant in the decision of this court upon the first appeal.

Furthermore, as pointed out in the opinion upon that appeal, the appellant, with full knowledge of all material facts, had ample opportunity to prosecute an appeal directly from that order under secs. 4031, 4035, R. S. 1878, and neg-

lected to do so; so that his present unfortunate predicament is to be attributed to his own neglect to avail himself of the remedies which the law affords.

It is entirely true that under proper circumstances the county court may set aside an order previously made, which was induced by fraud or mistake, and which ought not to have been made, and this even though the time for appeal from the order may have long since expired. *Estate of Leavens*, 65 Wis. 440; *Estate of O'Neill*, 90 Wis. 480; *Hall v. Hall*, 98 Wis. 193. But such an application is an application to the equity power of the court, and it will be denied if the facts show laches on the part of the applicant. *Thomas v. Thomas*, 88 Wis. 88; *Case of Broderick's Will*, 21 Wall. 503. That the appellant was guilty of laches in the present case cannot be questioned. In fact it was so held upon the first appeal.

*By the Court.*— Judgment affirmed.