IN RE O'HARA's WILL: MOYNAHAN and another, Appellants, vs. ALLEN, Administrator, and others, Respondents.

*January 31—February 23, 1906.*

*Appeal from county court: Discretion: Laches.*

1. Under sec. 4035, Stats. 1898, application to the circuit court for leave to appeal from an order of the county court after the time within which an appeal may be taken as a matter of right has expired, is addressed to the sound discretion of the circuit

In re O'Hara's Will, 127 Wis. 258.

court, and the determination of that court will not be disturbed unless it clearly appears that such discretion has been abused.

2. Under the facts; stated in the opinion, an application to the circuit court in March, 1904, for leave to appeal from an order of the county court construing a will entered in March, 1903, is *held* barred by laches.

3. In such situation there is *held* to be no abuse of discretion in denying the application.

APPEAL from an order of the circuit court for Walworth county: E. B. BELDEN, Circuit Judge. *Affirmed.*

This is an appeal from an order of the circuit court of Walworth county denying an application under sec. 4035, Stats. 1898, for leave to appeal from an order of the county court of said county construing the will of Sabina O'Hara, deceased, and determining the authority of the administrator with the will annexed thereunder. Sabina O'Hara died testate February 21, 1891, in Walworth county, leaving her surviving two daughters, Mary Dougherty and *Jennie Moynahan,* and six sons, Thomas, Michael, *James,* John, David, and Edward, named as legatees. John Coady was appointed sole executor, and died before the will was admitted to probate, whereupon letters of administration with the will annexed were granted to *Dwight S. Allen,* June 18, 1891. The will provided for the sale of real estate in case it should not be sold during the lifetime of the testatrix and it became necessary to sell the same or any part thereof, and authorized and directed the executor to sell, and by proper and sufficient deeds convey the same either as a whole or in parcels, and out of the proceeds to pay debts or expenses, and distribute the remainder of the proceeds of sale among the legatees named in the will. The property of the testatrix consisted of about fifty-two acres of land appraised after her death at $10,400, incumbered by a mortgage of $2,800, and a claim of $200 and interest against *Jennie Moynahan,* one; of the legatees. The administrator with the will annexed continued in possession of this real estate after his appoint-

ment and endeavored to find a satisfactory purchaser, but did not succeed in so doing until the spring of 1903, and, being in doubt as to his right to sell, applied to the county court of Walworth county for a construction of the will in that regard. Notice was given by publication, and, upon the hearing, no appearance was made by the heirs, the administrator, *Dwight S. Allen,* appearing by his attorney, and after hearing upon the petition the court found that, in order to carry out the provisions of the will and to further administer and settle the estate, it was necessary to sell the real estate and execute proper deeds of conveyance thereof, and that the administrator was empowered by the provisions of the will to sell the same and execute proper deeds of conveyance, and so ordered March 24, 1903. In pursuance of this order the administrator sold the real estate in question to John B. Grommes for the sum of $20,000, and immediately thereafter, and in March, 1903, said purchaser went into possession of the same and made permanent improvements thereon of the value of upwards of $15,000 before the filing of the petition for permission to appeal by the appellants, and before notice of dissatisfaction on their part. On March 31, 1903, the administrator filed his final account, and the court made an order assigning the residue of the estate according to the will, and ordered that the amount of said residue, $411.31, belonging to the appellant *Jennie Moynahan* be set off against her indebtedness to the estate. All the heirs except *Jennie Moynahan* and Edward O'Hara received their portion of the residue accruing from the sale of the real estate, and in June, 1903, quitclaimed their interest therein to the purchaser, John B. Grommes, and the court on final distribution ordered the interest of appellant *Jennie Moynahan* set off against her indebtedness to the estate. In March, 1904, and nearly one year from the date of the order of court construing the will and ordering sale of the real estate, the appellants *Jennie Moynahan* and *James O'Hara,* two of the legatees named in the will, filed their pe-

tition in the circuit court of Walworth county asking leave to appeal from the order of construction, and, after hearing, the application for permission to appeal was denied.

For the appellants the cause was submitted on the brief of *John M. Duffy* and *H. J. Desmond,* attorneys, and *C. M. Scanlan,* of counsel.

For the respondents there was a brief by *Cooper, Simmons, Nelson & Walker,* attorneys, and *Charles S. French,* of counsel, and oral argument by *J. B. Simmons.*

KERWIN, J. The court below in denying the right to appeal held that appellants were guilty of laches. Several other questions are discussed by counsel under various assignments of error upon this appeal; but, if the court did not abuse its discretion in holding that the appellants were guilty of laches, the order must be affirmed, and no other question argued need be considered. Sec. 4035, Stats. 1898. It appears from the record that the administrator had been endeavoring for many years, in accordance with the provisions of the will, to obtain a desirable purchaser and make a sale, but until 1903 failed to carry out his purpose. In 1895, in order to hold the property until an adequate price could be obtained therefor, he secured a license to mortgage it, and did obtain a loan of $1,472 thereon for the purpose of paying accrued interest on the $2,800 mortgage and claims allowed against the estate. In the spring of 1903 the interest upon both mortgages had accumulated for a period of about eight years and was then unpaid. It further appears that at or about the time the administrator had obtained the bid of $20,000 from the purchaser, Grommes, which was accepted, and in February, 1903, he called upon the appellant *Jennie Moynahan* in the city of Chicago, and informed her of the agreed sale and the terms thereof, and of the necessity of immediately closing the same, and requested that she quitclaim her interest to the purchaser, which she refused to do, but made no objection to the sale or

the terms thereof; that the administrator then informed her that her signature was not necessary, and that the sale would be carried out in accordance with the agreement. It also appears that in the summer of 1903 the interest of said appellant *Jennie Moynahan* was being looked after by her attorney, and a letter was written by him, at least as early as October 9, 1903, to the administrator respecting the interest of said petitioner *Moynahan*. It also appears from this letter that the attorney was more concerned respecting the indebtedness of said *Jennie Moynahan* to the estate than the matter of sale of the property, expressing his desire to see and examine the note, and making no objection to the sale. All the other heirs, except Edward O'Hara, assented to the sale, quitclaimed their interest to the purchaser, and received their portion of the proceeds; their quitclaim being executed about the 8th of June, 1903. The petitioner *James O'Hara,* having received his interest and executed a quitclaim deed to the purchaser, clearly cannot complain of the sale, and the petitioner *Jennie Moynahan* had knowledge of the terms of the sale at or about the time it was made, and also knowledge of the order construing the will and allowing sale, at least as early as November, 1903. This clearly appears from the record. She did not move until nearly a year after she received the notice that the sale would be made, and more than three months after notice that the order was made, during which time the purchaser was in possession, making valuable improvements and changing his position on the faith of his purchase. It is quite apparent, too, from the proof appearing on the hearing that her real complaint was not because of the sale, but because of the fact that the residue belonging to her on final settlement was offset against her indebtedness to the estate, and that if she had received this amount she would have made no objection to the sale. The purchaser, Grommes, after sale went into and has ever since continued in possession and made valuable improvements upon the property aggregating upwards of

$15,000. Many other questions respecting the value of the property, the *bona fides* of the sale, and insolvency of the heirs to whom payments have been made were considered upon the hearing on application for permission to appeal which we do not deem necessary to recite here.

Complaint is made by counsel for appellants that counter affidavits were used on the hearing. It appears from the record that they were considered only on the question of laches, and the facts showing laches or fault on the part of the appellants are practically undisputed. The application for leave to appeal after the time has expired in such cases is addressed to the sound discretion of the court, and the determination of the court will not be disturbed unless it clearly appears that such discretion has been abused. *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426; *Weadock v. Ray,* 111 Wis. 489, 87 N. W. 477; *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489. From the whole record the case made by the appellants is one of "neglect and inattention" and cannot appeal strongly to the court, especially where it appears, as in this case, that the purchaser whose title would be affected by a revision of the decree has incurred large expense and materially changed his situation in consequence of the delay and apparent acquiescence on the part of the appellants. *Blanchard v. Doering,* 23 Wis. 200; *Meehan v. Blodgett,* 86 Wis. 511, 57 N. W. 291; *Melms v. Pabst B. Co.* 93 Wis. 153, 66 N. W. 518; *Rogers v. Van Nortwick,* 87 Wis. 414, 58 N. W. 757; *McCann v. Welch,* 106 Wis. 142, 81 N. W. 996; *Hamilton v. Menominee Falls Q. Co.* 106 Wis. 352, 81 N. W. 876; *State ex rel. Taylor v. Superior,* 108 Wis. 16, 83 N. W. 1100. We are unable to discover that there was any abuse of discretion in denying appellants' application for leave to appeal.

*By the Court.*—The order appealed from is affirmed.