MAXCY and others, Appellants, vs. ELLISON, Administrator, and others, Respondents.

*May 21—June 20, 1907.*

*Appeal from county court after time limited: Refusal to allow: Discretion.*

Refusal by the circuit court to allow an appeal to be taken from a judgment of the county court after the time limited therefor is *held* in this case not to have been an abuse of discretion, the circuit court being justified in holding that the petitioners had failed to excuse their neglect to take the appeal in time or to show that justice required a revision of the case.

APPEAL from orders of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

It appears from the record and is undisputed that July 7, 1902, *A. F. Ellison* was appointed guardian of Thomas Carmichael, a resident of Eau Claire; that October 13, 1902, Thomas Carmichael died intestate, leaving considerable property and as his sole heir at law *Anne Kenna,* residing at Balle Killian, Edenderry, in Kings county, Ireland; that October 18, 1902, said *Ellison* was appointed special administrator of said estate; that January 6, 1903, said *Ellison* was appointed as regular administrator of said estate; that November 12, 1904, the said *Anne Kenna* sold, assigned, transferred, and conveyed all her right, title, and interest in

said estate to *W. G. Maxcy, D. M. Maxcy,* and *John A. Ja-cobs;* that December 21, 1904, the three persons last named organized and incorporated the Maxcy Land Company, and December 24, 1904, they sold, transferred, assigned, and conveyed to said corporation all of said estate so acquired; that January 3, 1905, said administrator filed his final account; that April 29, 1905, the county court determined the rights of the respective parties in interest; that August 21, 1905, the final order or judgment in the settlement of said estate was signed by the county judge, and the same was duly recorded in volume B of county court records, on page 333, September 1, 1905.

Upon an application of those claiming under the heir at law, based upon a verified petition, affidavits, and counter affidavits, the circuit court, by order dated December 16, 1905, refused to allow an appeal to the circuit court from said order or judgment of the county court. By order dated December 22, 1905, the circuit court denied the amended petition and application to allow such appeal, without prejudice. On January 9, 1906, the persons claiming under said heir at law obtained a second order to show cause why such appeal should not be allowed to be taken, and after the hearing of that order to show cause the circuit court, by final order dated June 30, 1906, and entered July 3, 1906, based upon the petition, affidavits, and counter affidavits, denied said application. Those claiming under said heir at law appeal to this court from each of the three orders dated, respectively, December 16, 1905, December 22, 1905, and June 30, 1906.

*A. W. McLeod,* for the appellants.

*W. F. Bailey,* for the respondents.


CASSODAY, C. J. The statute provides:

"If any person aggrieved by any act of the county court . . . shall, from any cause without fault on his part, have omitted to take his appeal according to law, the circuit court

of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall
deem reasonable, allow an appeal to be taken and prosecuted
in like manner and with the same effect as though done seasonably." Sec. 4035, Stats. (1898).

This court has repeatedly held that an application to extend the time for taking an appeal under this statute is addressed to the sound discretion of the circuit court, and that
the determination of that court will not be disturbed unless
it clearly appears that there has been an abuse of such discretion. *In re O'Hara's Will,* 127 Wis. 258, 106 N. W. 848;
*McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Wead-
ock v. Ray,* 111 Wis. 489, 87 N. W. 477; *Deering H. Co. v.
Johnson,* 108 Wis. 275, 84 N. W. 426; *Oakley v. Davidson,*
103 Wis. 98, 79 N. W. 27. Have the appellants made it appear that there was such abuse of discretion in the case at
bar? They claim that they were aggrieved by the decision of
the county court made April 29, 1905, and thereupon directed
their attorney, A. W. McLeod, to appeal from the final judgment therein when entered; that said attorney, who resided
at Bayfield, was at Eau Claire for five days in the early part
of July, 1905, and on the 21st and 22d days of August, 1905,
and on the 2d day of September and the 9th day of October,
1905, and on each of said days except October 9, 1905, he
made inquiry as to whether final judgment had been entered
therein, but did not examine the files therein until November
22, 1905, when he learned that final judgment had been
signed August 21, 1905, and recorded September 1, 1905, as
mentioned. The counter affidavits on the part of the administrator are voluminous, giving the history of the matter in
detail, with some correspondence between the attorneys, and
much of it in direct conflict with statements made in behalf
of the appellants. The trial court indulged the appellants
in repeated applications and hearings, and seems to have

been justified in holding that the petitioners had failed to ex-
cuse their neglect to take the appeal in time or to show that
justice required a revision of the case. Certainly we would
not be justified in holding that there was an abuse of discre-
tion in making any of the orders appealed from.

*By the Court.*—The several orders of the circuit court are
each and all affirmed.