# CASES DETERMINED

# August Term, 1907.

ROEMER, Respondent, vs. SCHMIDT and another, Executors, Appellants.

*November 26—December 13, 1907.*

*Appeal and error: Affirmance or reversal: Appeal from county court: Allowance of appeal by circuit court: Abuse of discretion.*

1. To warrant the supreme court reversing an order of the circuit court denying an appeal from a county court after the time for appeal as a matter of right has expired it must appear that the circuit court abused its discretion in denying the appeal.
2. Under sec. 4035, Stats. (1898), providing for appeals from county courts after the time for appeal as a matter of right has expired, and permitting the circuit court on petition to allow an appeal "if it shall appear that justice requires a revision of the case," an application to the circuit court praying the allowance of such an appeal which is barren of any facts from which that court can determine whether or not justice requires a revision of the case, or of any fact going to support the general averment that the judgment or order appealed from was improperly allowed and should be reviewed, is insufficient.
3. In such case it is *held* no abuse of discretion by the circuit court to deny such application for an appeal, where the petition contained no affidavit of merits, or any facts from which that court could determine the merits of such claim, other than general allegations that the claim was grossly excessive, that the charges were larger than they should be, and that the claim as filed did not contain all the credits to which the estate was entitled.

VOL. 134—1

4. Under sec. 4035, Stats. (1898), while it may be proper for the
circuit court to allow an appeal from a county court where the
petition makes a *prima facie* case, without considering counter
affidavits as to the justice of the case, such rule does not permit
an applicant for permission to appeal to make a *prima facie*
case without stating the facts from which the circuit court can
see and judge whether or not justice requires a revision of the
case.

APPEAL from an order of the circuit court for Outagamie
county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

This appeal is from an order of the circuit court for Outa-
gamie county denying the petitioners' right to appeal from
a judgment of the county court after the time for appealing
had expired. The petition is as follows:

"(1) That on the 20th day of November, 1906, judgment
was rendered against the estate of Fred Schmidt, deceased,
and in favor of *Joseph Roemer,* in the sum of $245, by the
county court of Outagamie county, by which judgment said
*Joseph Roemer* was to have and recover of and from said
estate said sum of $245, from which judgment and the al-
lowance of said claim of *Joseph Roemer* your petitioners de-
sire to appeal. (2) That your petitioners' interest in said
matter is as follows: That the said *Fredericke Schmidt* is
the widow of Fred Schmidt, deceased, and executrix of said
Fred Schmidt, deceased, and is beneficiary named in de-
ceased's will; that *Emil Schmidt* is a son of Fred Schmidt,
deceased, and executor of said Fred Schmidt, deceased,
and an heir at law, and beneficiary under the will of said
Fred Schmidt, deceased; that your petitioners are acting
jointly as executrix and executor in the settlement of said
estate. (3) That, as your petitioners are advised and verily
believe, justice requires a revision of this case; that *Joseph
Roemer* herein filed a claim against said estate August 25,
1906, in the sum of $502; that said claim was allowed by said
county court and judgment rendered thereon in the sum of
$245; that said claim is grossly excessive, and the charges
made therein much larger than what they ought of right to
be; that said claim so filed does not contain all the credits
which said estate is entitled to, and that said claim was im-

properly allowed by said county court, and should as a matter of right and justice be reviewed upon appeal. (4) That, without fault on the part of your petitioners, the appellant omitted to take all the necessary steps in appealing from said judgment within the time required by and according to law, and that the facts causing such omission are as follows, viz.: That on or about January 5, 1907, your petitioners retained J. Elmer Lehr as attorney to prepare the necessary papers to perfect an appeal from said judgment of the county court, and that said notice of appeal was prepared, and petitioners duly filed the same with said county court, as required by law, on January 12, 1907; that said notice was filed within the time for taking an appeal, but that said county judge, through oversight, failed to make an order directing the manner of service of said notice of appeal to the adverse party, provided by sec. 4033, Stats. (1898); that petitioners' attorney, at said time and for some time thereafter, was busy and engaged upon the trial of other and important matters, and was away from the city of Appleton and after the filing of said notice of appeal, and that the order directing the method of service of said notice of appeal on the adverse party was omitted through inadvertence, oversight, and mistake, and that your petitioners, immediately upon learning that such order and service on the adverse party had not been made, prepared and made their petition herein; that the time for appealing expired on the 20th day of January, 1907, and that through mistake and clerical error said notice of appeal so filed with said county judge designated that the appeal was from a judgment rendered on the 3d day of November, 1906, when same should have stated the 20th day of November, 1906.

"Your petitioners therefore pray this honorable court to allow an appeal to be taken and perfected from said judgment pursuant to the provision of the statute in such cases made and provided, upon such terms and within such time as it shall deem reasonable, and be prosecuted in like manner and with like effect as though done seasonably, and, as in duty bound, your petitioners will ever pray," etc.

The court made an order requiring the plaintiff to show cause on the 9th day of February, 1907, why the time for

appealing should not be enlarged and petitioners be allowed to appeal from the judgment rendered against the estate of deceased and in favor of plaintiff. This order was based upon the petition. On the hearing the prayer of the petitioners was denied, with $10 costs, from which order this appeal was taken.

The cause was submitted for the appellants on the brief of *J. Elmer Lehr,* and for the respondent on that of *Joseph Roemer* and *Henry D. Ryan.*

KERWIN, J.    To warrant this court in reversing the order appealed from it must appear that the court below abused its discretion in denying the appeal. *In re O'Hara's Will,* 127 Wis. 258, 106 N. W. 848; *In re Box's Will,* 127 Wis. 264, 106 N. W. 1063; *McKenney v. Minahan,* 119 Wis. 651, 97 N. W. 489; *Deering H. Co. v. Johnson,* 108 Wis. 275, 84 N. W. 426.   Sec. 4035, Stats. (1898), provides:

"If any person aggrieved by any act of the county court or commissioners to examine claims shall, from any cause without fault on his part, have omitted to take his appeal according to law, the circuit court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall deem reasonable, allow an appeal to be taken and prosecuted in like manner and with the same effect as though done seasonably."

It is insisted by appellants that sufficient showing was made by the petition to entitle them to an appeal and that the court below abused its discretion in denying it; while on the part of the respondent it is contended that the petition on its face does not show any excuse for the delay and no abuse of discretion, and, further, that it fails to show that justice requires a revision of the case.   We do not deem it necessary to consider the point pressed by counsel for respondent to the effect that the appellants have not shown that they are without fault in not perfecting their appeal seasonably, but

shall rest our opinion upon the provisions of the statute above
referred to, requiring the aggrieved party to show that "jus-
tice requires a revision of the case." We have set out the
petition in the statement of facts, and from it it will appear
that the attempt to meet this requirement of the statute is in
the most general terms and quite barren of any facts tending
to show that justice requires a revision of the case. It ap-
pears from the petition that the claim was filed in the county
court for $502 and allowed at only $245. There are no facts
set out in the petition which would enable the court below or
this court to determine whether or not justice requires a
revision of the case.

The only attempt made by petitioners to comply with this
requirement is found in the allegations that the "petitioners
are advised, and verily believe, justice requires a revision of
this case; . . . that said claim is grossly excessive, and the
charges made therein much larger than what they ought of
right to be; that said claim so filed does not contain all the
credits which said estate is entitled to, and that said claim
was improperly allowed by said county court, and should as
a matter of right and justice be reviewed upon appeal." It
will be seen that no attempt is made to show how much the
excess is claimed to be, or what credits were not allowed
which should have been, or any fact going to support the
general averment to the effect that the claim was improperly
allowed and should be reviewed. There is no affidavit of
merits or any facts set forth in the petition or otherwise from
which the court could determine the nature of the defense,
if any, to the claim allowed, the amount of credits claimed,
or the merits of such claim. The averments to the effect
that the claim is grossly excessive and the charges larger than
they should be are merely conclusions of the petitioners, and
based upon no facts from which the court could judge whether
such conclusions are supported by facts. No idea is given as
to what amount petitioners would consider "grossly excess-

ive." A very trifling sum would satisfy the allegation, much too small to warrant a court in finding that justice requires a revision of the case. Moreover, the averment that the claim "so filed does not contain all the credits" does not necessarily show that the claim as allowed was not correct, nor that credits other than those appearing in the claim as filed were not allowed. In short, there are no facts set up in the petition going to show, or tending to show, what amount, if any, was included in the claim allowed which should not have been. We think it very clear that upon the showing made there was no abuse of discretion in denying the application for appeal. *Marsh v. Briesen,* 84 Wis. 618, 54 N. W. 1090; *Oakley v. Davidson,* 103 Wis. 98, 79 N. W. 27.

Our attention is directed by counsel for appellants to the doctrine that where the petition makes a *prima facie* case the court should grant it without considering counter affidavits as to the justice of the claim. But this doctrine does not go to the extent of permitting the applicant for permission to appeal to make a *prima facie* case without stating the facts from which the court can see and judge whether or not justice requires a revision of the case.

It follows that the order appealed from must be affirmed.

*By the Court.*—Order affirmed.