ESTATE OF MEEK: WILCOX, Respondent, vs. JONES, Administrator, Appellant.

*September 12—November 5, 1929.*

*Perry & Perry* of Black River Falls, for the appellant.
*W. H. Frawley* of Eau Claire, for the respondent.

PER CURIAM. Bridget Meek died August 28, 1916, leaving an estate, according to the petition for letters of administration, of the value of approximately $15,000. Letters of administration were issued to J. T. Ringrose on October 19, 1916. On January 11, 1917, R. W. Wilcox filed a claim against the estate in the sum of $2,365.76. On February 6, 1917, objections to the claim were filed by the administrator and the claim was set for hearing September 24, 1918, but nothing appears to have been done. On September 27, 1918, some testimony was taken. A part of the transcript was filed July 15, 1919. What appears to be the remainder was filed March 2, 1929. On June 22, 1919, Ringrose having died, application was made for the appointment of Rufus A. Jones as administrator *de bonis non.* Letters of administration were issued to Rufus A. Jones on October 21, 1919. On January 27, 1920, the claim of R. W. Wilcox was set for hearing February 4, 1920. No certificate of the reporter was attached to the transcript of the testimony and the conclusion that it was taken in the action is indicated solely by the caption. On June 21, 1927, judgment was entered upon the claim of R. W. Wilcox for the sum of $1,615.76 principal and $1,003.19 interest, in all the sum of $2,618.95. On June 21, 1927, the attorneys for the

estate, upon the record and the minutes of the court, filed a motion—

"(1st) that the judgment in favor of the said R. W. Wilcox be set aside; (2d) that the claim of R. W. Wilcox be disallowed in full.

"If all foregoing motions be denied, the estate moves to set aside the verdict herein and for a new trial on the following grounds, namely: (1) because the court erred in admitting evidence against the objection of the estate; (2) because the court erred in refusing to receive evidence offered by the estate upon the trial; (3) because the verdict is contrary to law; (4) because the verdict is contrary to the evidence."

By notice dated October 15, 1927, served upon the attorney for the claimant only, the attorneys for the estate attempted to take an appeal to this court. The notice is as follows:

"Please take notice that Rufus A. Jones, administrator *de bonis non* of the estate of Bridget Meek, deceased, hereby appeals to the supreme court of the state of Wisconsin from the judgment rendered by the above named court, entered on the 8th day of October, 1927, in favor of the claimant and against the estate of Bridget Meek, deceased, for the sum of $1,615.76, damages, and from the whole thereof."

Upon the filing of this notice of appeal the county court certified to this court the record as follows:

"I, Frank Johnson, county judge in and for the county of Jackson and state of Wisconsin, do hereby certify that the papers hereto attached are the original papers in the estate of Bridget Meek, deceased, in relation to the claim of R. W. Wilcox against said estate, and that they are hereby transmitted to the supreme court of the state of Wisconsin in pursuance of the notice of appeal hereto attached."

There is no certificate that all of the record is returned. It is quite apparent that the entire record was not returned because the order denying the motion for a new trial cannot be found.

Among the papers but not attached to the return is the

transcript of the evidence hereinbefore referred to. The papers were filed in this court March 23, 1929, and the case was placed upon the present August term and came on for argument on September 12, 1929. Upon an inspection of the record it was apparent that no bill of exceptions was ever proposed, served, or settled, and that the questions attempted to be raised by the appellant were therefore not presented by the record, and the appeal was dismissed. Subsequently a motion was filed on behalf of the administrator *de bonis non* to reinstate the appeal and to have the record remitted to the county court for Jackson county in order that the bill of exceptions might be settled. From the affidavit filed in support of the motion it appears that the motion for a new trial was denied October 8, 1927. In the appeal papers that is described as a judgment. It also appears from the affidavit that the attorneys for the estate "demanded that a bill of exceptions be made, and that, upon said notice of appeal and demand the court made a complete bill of exceptions, including all proceedings had in the administration of the estate of Bridget Meek, deceased."

There is an attempt made to set up in the affidavit the merits of the case. The affidavit then continues:

"Affiant further says that at the time of the filing of the notice of appeal, and at the time of making the request to the county judge for making and certifying to the supreme court a bill of exceptions, he did not consider it was necessary to have the same settled, as he construed sub. (3) of sec. 324.04 of the Statutes, that it was unnecessary to settle a bill of exceptions in a case appealed from the county court of any county having a population of over 15,000 inhabitants, unless the party or attorney demanded the same, and that upon such demand said party was then to receive from the judge of said county court a bill of exceptions and have the same settled in the manner and under the same restrictions as are now required by the law of the circuit court, or the rules and practices of the circuit court, and that there was no demand by R. W. Wilcox, or his attorney, to settle a bill of exceptions; that upon this theory the bill of excep-

tions in this case was prepared by the county judge, and that said bill of exceptions does contain a complete record of said action; that said bill of exceptions was certified to by the county judge, and forwarded to the clerk of this court, and is now on file."

Affiant further stated that he had no personal connection with the action until 1927; that the original attorney for the estate died prior to that time; that he then took steps to have the case brought to a final hearing before the court.

It would be difficult to find a record disclosing a greater travesty on the administration of justice than does the record in this case. We shall not attempt to characterize the conduct of this case by the trial court and counsel. The record speaks for itself. This matter has been pending for twelve years. It may be that the rights of parties have been lost; if so we are helpless. As appears from the return made here the testimony was taken September 27, 1918. No judgment was rendered thereon until June 21, 1927, and although the statute (sec. 324.01) provides that an appeal must be taken within sixty days from the date of the entry of judgment, no appeal has ever been taken therefrom. Upon the rendition of the judgment there was a motion to set aside the judgment, following the form usually adopted by attorneys in making motions to set aside a verdict, and although the statute, sec. 324.05, expressly provides that the court or judge may reopen the case and grant a retrial within one year, it must be upon petition and notice to the opposite party and it must appear that justice requires a revision of the case. It is then wholly within the discretion of the trial court. It is a matter of favor and not of right. The denial must, under the showing made, amount to an abuse of discretion before the determination of the trial court can be set aside. The trial court apparently treated the motion as a motion for a rehearing, listened to a reargument, and denied the motion. From that the estate attempted to appeal,

describing the order as a judgment, but the appeal from the order could review nothing but the action of the court in denying the motion for a new trial, as to which no showing whatever was made under the statute. An appeal from the order certainly cannot operate as an appeal from the judgment upon the merits, the time within which an appeal from the judgment might be taken having expired some two months previously. No petition was presented for an enlargement of the time within which an appeal might be taken.

We take this occasion to make some comment in regard to sec. 324.04 (3), which provides:

"The party or attorney in a cause in such county courts may demand and shall be entitled to receive from the judge of such county courts a bill of exceptions and have the same settled in the same manner and under the same restrictions as are now required by law or hereafter to be required in the circuit court by law, or the rules and practice of the circuit court."

Sec. 324.18 provides also that in all matters not otherwise provided for relating to appeals from county courts to the supreme court, the law and rules of practice relating to circuit courts shall govern and control.

Secs. 270.43, 270.44, and 270.45 prescribe the procedure for preparing and settling bills of exception. It is hard to believe that a practitioner could suppose that under the provisions of sec. 324.04 (3), upon a party making a demand on the county judge for a bill of exceptions, it then became the duty of the judge to issue a bill of exceptions, but such seems to have been the assumption in this case. The trial judge appears to have been of the view that no bill of exceptions was required. It is an elementary rule that evidence taken upon a trial does not become a part of the record unless and until it has been incorporated in a bill of exceptions. We shall not stop to point out in detail the various steps to be taken by the respective attorneys in settling a bill of ex-

ceptions. The proceedings are plainly stated in the statutes, and county courts should follow and adopt the practice of the circuit courts in that respect.

A reinstatement of the appeal would amount to nothing. The only thing that could be considered was whether or not the trial judge abused his discretion in denying the so-called motion for a new trial and as to that there is no record, no showing having been made before the trial judge. Appellant's case would not be helped out by the settlement of a bill of exceptions because no appeal from the judgment was taken within sixty days and none could now be taken, and the year within which the county judge might enlarge the time for appeal (sec. 324.05) has long since expired. A bill of exceptions could not be considered upon a review of the order denying the motion for a new trial because no showing was made as a basis for the motion.

The motion to reinstate the appeal is denied with $10 costs, the respondent to recover costs in this court.