WILL OF SCHILLING: SCHILLING and another, Executors, Respondents, vs. MOULD and others, Appellants.

*May 14—June 12, 1931.*

For the appellants there was a brief by *Hill & Miller* of Baraboo and *Fred Steele* of La Crosse, guardian *ad litem,* for Wm. Schilling, and oral argument by *James H. Hill.*

For the respondents there was a brief by *Lees & Bunge* of La Crosse, and oral argument by *Geo. W. Bunge.*

NELSON, J.   The only question involved on this appeal is whether the court below abused its discretion in extending the time in which to appeal from an order of said court construing the will of Isidor Schilling, deceased, pursuant to the provisions of sec. 324.05 of the Statutes.   Sec. 324.05 is as follows:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, have omitted to take his appeal according to law the county court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall deem reasonable, allow an appeal to be taken and prosecuted in like manner and with the same effect as though done seasonably; or the county court may in its discretion reopen the case and grant a retrial of the matter complained of.   No such appeal or retrial shall be allowed without reasonable notice to the party adversely interested, nor unless the petition therefor shall be filed in the office of the clerk of the

county court within one year after the act complained of. Whenever the county court shall allow or disallow an appeal, or retrial, as provided in this section, the party aggrieved may appeal therefrom."

It is very clear that this statute authorizes a county court, in its discretion and upon such terms and within such time as it shall deem reasonable, to allow an appeal to be taken in like manner and with the same effect as though done seasonably, whenever a person is aggrieved by any act of such court, and shall have omitted from any cause, without fault on his part, to take his appeal according to law, and when justice requires a revision of the case, provided, of course, that notice to the adverse party shall be given and that such petition shall be filed in the office of the clerk of the county court within one year after the act complained of.

It appears from the record herein that a full hearing was had on such petition, with the result that the court allowed the appeal. The appeal from the order construing the will of Isidor Schilling, deceased, has been heard by this court and the decision rendered this day reverses the order of the lower court. The findings of the court below, which are summarized in the statement of facts herein, seem to be amply supported by the affidavits and testimony submitted and taken at the hearing held in the court below. The question whether the relief asked for should be granted was one resting in the judicial discretion of the court. *Estate of Lehmann,* 183 Wis. 21, 197 N. W. 350; *Estate of Meek,* 199 Wis. 602, 227 N. W. 270.

It has been held over and over again, under a statute substantially similar to sec. 324.05, that such a petition is addressed to the sound discretion of the court and that this court will not reverse such order unless there has been an abuse of discretion. *Will of McGinty,* 171 Wis. 184, 176 N. W. 850, and numerous cases therein; *Roemer v. Schmidt,*

134 Wis. 1, 114 N. W. 127; *Maxcy v. Ellison,* 132 Wis. 389, 112 N. W. 424; *Oakley v. Davidson,* 103 Wis. 98, 79 N. W. 27.

Having given the matter careful consideration, we cannot say, under all the circumstances shown by the record, that the court below abused its discretion. The legislature, in enacting sec. 324.05, no doubt had in mind that situations like the one here involved might, from time to time, arise in county courts. It seems to us that this statute is peculiarly applicable to the situation which arose in this matter.

*By the Court.*—The order of the county court of La Crosse county allowing an appeal by the executors of the will of Isidor Schilling, deceased, is affirmed.